## Rich *vs.* Colquitt, governor.

1. A *scire facias* to forfeit a recognizance which recited that the principal had been indicted for the offense of misdemeanor, that he had given the recognizance for his appearance at the city court of Atlanta, to be held on April 16th, 1877, and that the bond had been duly forfeited, described the offense with sufficient particularity.
2. When a city court holds four sessions a year, in March and September for the transaction of criminal business only, and in June and December for civil and criminal business, a bond being forfeited at the June term, the *scire facias,* being a civil proceeding, was properly made returnable to the next December term.

Criminal Law.    Courts.    *Scire facias.*    Before Judge Clark.    City Court of Atlanta.    December Term, 1877.

Reported in the decision.

McConnell & Heyward; E. W. Martin, for plaintiff in

error, cited as follows: Description not sufficient, 2 *Kelly*, 363; 1 Dana, 523; 1 Stewart & Porter, 465; 16 Mass., 447; Code, §4702, 4429-37, 4450, 4548, 49, 4564, 4625; 24 *Ga.*, 420; 25 *Ib.*, 235. Not returned to next term, Code, §4703; City Code of Atlanta, p. 178; 51 *Ga.*, 524.

Howard VanEpps, city solicitor, for the state, cited as follows: Return of writ proper, 40 Ala., 718; 8 *Ib*, 297; Ala. Code, 1876, §§4852-3, 4863-5; Tidd's Pr., marginal pp., 1090, 1092, 1128; Bac. Abr., Title "*sci. fa.*," 1 (A.); Coke Lit., 291; Bac. Abr., Title "*sci. fa.*," (E.), p. 624; 1 T. R., 267; 2 *Ib.*, 45. Description sufficient, 2 *Ga.*, 263; 7 Tex., 547; 3 J. J. Marsh., 642; 1 Dana, 523; 9 Ala., 58; 2 Hawkins' P. C., 183; 7 Conn., 141; 10 Wend., 431; 17 *Ib.*, 252; 1 Chit. Cr. L., 33, 105; 19 Pick., 127; 18 Ill., 566; 15 *Ib.*, 440; 9 Ala., 832; 1 Ala., N. S., 113.

Warner, Chief Justice.

It appears from the record and bill of exceptions, that McCullough as principal, and Rich as his security, entered into a recognizance, in which it was recited that the grand jury had found a true bill against the said McCullough for the offense of misdemeanor, and conditioned for his personal appearance at the city court to be held in the county of Fulton on the 16th of April, 1877, and to abide his trial and the judgment of the court in said case, etc., which recognizance was duly forfeited for the non-appearance of said McCullough, whereupon a *scire facias* issued upon said recognizance, in which it was recited that the condition of said recognizance was that the said McCullough should appear at the city court aforesaid on the 16th day of April, 1877, to answer for the offense of a misdemeanor, and that he failed to appear, etc., and he, and his security, were required to show cause why judgment should not be entered up against them for the penalty of said recognizance. The recognizance was forfeited at the June term of the court, 1877, and the *scire facias* was made returnable to the December term

of the court, 1877. The questions involved in the case were, by consent, submitted to the decision of the court without the intervention of a jury, and a judgment was rendered for the plaintiff, whereupon the defendant excepted.

1. Two grounds of error to the judgment of the court were insisted on here. First, that the offense with which the defendant was charged in the indictment, was not sufficiently described in the *scire facias* ; second, that the *scire facias* was not returned to the next term of the city court after the recognizance was forfeited, as required by law. The offense with which McCullough was charged, as recited and set forth in the *scire facias*, was that of a misdemeanor, and a misdemeanor is a violation of a public law. Code, §4262. The recital of that offense in the *scire facias* was sufficient to show that the defendant had been charged with an offense punishable by law, without stating the particular facts alleged in the indictment which constituted the misdemeanor.

2. The sessions of the city court by the act organizing it, are to be held on the first Mondays in June and December, for the transaction of civil and criminal business, and on the first Mondays in March and September for the transaction of criminal business *exclusively*. The *scire facias* was a civil proceeding to enforce the collection of a debt of record, and was properly made returnable to the December term of the city court instead of the September term thereof, the December term being the next term after the recognizance was forfeited, at which any civil business could be transacted.

Let the judgment of the court below be affirmed.