ROGERS *v.* BROWN, Governor.

ATKINSON, J. 1. It is essential to the validity of a recognizance for the personal appearance for trial of a person charged with a penal offense, that the bond show on its face the cause of the arrest. *Nicholson* v. *State*, 2 *Ga.* 363.

2. But it is not necessary that the offense be stated with the same degree of particularity as is required in an indictment; and it is sufficient if the offense be named generally as "accessory after the fact," which under the Penal Code, § 48, if nothing more appeared, would be equivalent to a charge as for a misdemeanor. See *Rich* v. *Colquitt*, 61 *Ga.* 197; *Vinson* v. *Northen*, 94 *Ga.* 698 (19 S. E. 991).

3. But in a proceeding to forfeit a recognizance of the character described in the first headnote, where the evidence relied on to support the action showed that the only charge preferred against the principal was that of being accessory after the fact by receiving stolen goods, knowing them to be stolen, and the indictment failed to allege that the principal thief had been convicted (Penal Code, § 168), or that the principal thief could not be taken so as to be prosecuted and convicted (Penal Code, § 169), the indictment for these reasons being fatally defective (*Jordan* v. *State*, 56 *Ga.* 92), the evidence did not support a judgment of forfeiture, although it was shown by extrinsic evidence, which was admitted over appropriate objection, that the principal thief had been convicted. *McDaniel* v. *Campbell*, 78 *Ga.* 188; *Candler* v. *Kirksey*, 113 *Ga.* 309 (38 S. E. 825, 84 Am. St. R. 247); *Salter* v. *State*, 125 *Ga.* 760 (54 S. E. 685).

*Judgment reversed. All the Justices concur.*
SEPTEMBER 28, 1912.

Forfeiture of recognizance. Before Judge Morris. Cobb superior court. January 14, 1911.

*Mozley & Moss,* for plaintiff in error.
*J. P. Brooke, solicitor-general,* contra.