4935.　ROGERS-MCRORIE COMPANY *v.* ROBESON CUTLERY COMPANY.

RUSSELL, J.　1. This was a suit upon an account for goods sold and delivered.　The defendant pleaded that the goods were never received, and that if they were delivered to the carrier as the agent of the consignee, the plaintiff agreed to release the defendant from payment, and to look alone to the carrier for the value of the goods.　The case was submitted to the judge without the intervention of a jury, and he rendered a judgment in favor of the plaintiff, upon the ground "that the alleged rescission is not effective to defeat the plaintiff's recovery."　There was evidence from which the judge could have found that the goods sued for had been actually delivered to the defendant by the carrier at destination.　It follows that a judgment in favor of the plaintiff was authorized, without reference to whether the alleged agreement of release or rescission was based upon a sufficient consideration, and therefore binding upon the plaintiff.

2. The admission in evidence of the alleged duplicate bill of lading issued by the initial carrier affords no ground for a new trial, both because it appeared that the original bill of lading was beyond the jurisdiction of the court and not accessible to the plaintiff, and because the duplicate was the highest and best evidence that could be produced.　Furthermore, there was evidence of an actual delivery of the goods to the initial carrier.　While the witness who testified as to the delivery of the goods to the carrier stated that his testimony was based upon a certain memo-

randum with which he had refreshed his recollection, it appeared, from his testimony, that he knew the memorandum was correct at the time it was made, and that it was made either by himself or under his supervision. The testimony was therefore admissible. *Lenney* v. *Finley*, 118 *Ga.* 427 (45 S. E. 317). There was no material error in any of the rulings complained of.       *Judgment affirmed.*

.DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Baxley—Judge Krauss presiding. April 19, 1913.

*Parker & Highsmith,* for plaintiff in error.

*R. L. J. & S. J. Smith Jr., Little, Powell, Hooper & Goldstein,* contra.