## 7432.  ROBERTS *v.* THE STATE.

An indictment charging the offense of receiving, harboring, and concealing a person guilty of a felony, knowing him to be guilty, which fails to allege the conviction of the principal offender, or that he can not be taken so as to be prosecuted and punished, is fatally defective and should be quashed on demurrer.

DECIDED SEPTEMBER 15, 1916.

Indictment for felony; from Jenkins superior court—Judge H. C. Hammond.  November 15, 1915.

*Strange & Metts, Leroy Cowart,* for plaintiff in error.

*R. Lee Moore, solicitor-general, G. C. Dekle,* contra.

WADE, C. J.  The indictment charged Hezekiah Roberts "with the offense of receiving, harboring, and concealing a guilty person, for that the said Hezekiah Roberts did" on a. day and in a county named "unlawfully and with force and arms, then and there knowing one Eleaza Roberts to be guilty of" a certain described felony, "the said Hezekiah Roberts then and there being present and with full knowledge of the facts aforesaid, did . . unlawfully and knowingly receive, harbor, and conceal the said Eleaza Roberts, knowing him . . to be guilty as aforesaid, contrary to the laws of said State," etc.  The defendant demurred upon the ground that the indictment failed to charge any crime under the laws of Georgia, and was insufficient in law, in that it failed to allege that the principal, Eleaza Roberts, had ever been convicted of the alleged crime, or that he could not be apprehended and prosecuted therefor.  The court overruled the demurrer and the defendant excepted.

Section 326 of the Penal Code defines the offense in question as follows: "If any person shall receive, harbor, or conceal any per-

34 ·

son guilty of a crime punishable by death, or imprisonment and labor in the penitentiary, knowing such person to be guilty, such person so receiving, harboring, or concealing shall be deemed an accessory after the fact, and shall be punished by imprisonment and labor in the penitentiary for not less than one nor longer than three years." It will be observed that this section expressly declares that any person violating the same "shall be deemed an accessory after the fact." Section 47 of the Penal Code defines an accessory after the fact as follows: "An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate, and harbors, assists, or protects the person charged with or convicted of the crime." Section 49 declares that "An accessory before or after the fact may be indicted, tried, convicted, and punished, notwithstanding the principal offender may have been pardoned or otherwise discharged *after his conviction, or can not be taken so as to be prosecuted and punished.*" Considering these sections together and bearing in mind that criminal statutes must be strictly construed, it is clear that since one who violates section 326 is declared in so many words to be an accessory after the fact, he can not be placed upon trial until after the conviction of the principal offender, or unless it appears that the principal "can not be taken so as to be prosecuted and punished."

In *Smith* v. *State*, 46 *Ga.* 298, the Supreme Court held: "An accessory before the fact to the crime of arson can not be put upon his trial until after conviction of the principal felon, at least not without some special reason recognized by law showing why the principal had not been tried." Since an accessory after the fact can not be placed on trial, unless it appears that the principal offender has either been tried and convicted, or can not be taken so as to be prosecuted, an indictment which is the foundation of a criminal prosecution against one as an accessory after the fact (under section 326) that fails to allege that the principal offender has been tried and convicted of the offense therein charged against him, or that he can not be taken so as to be prosecuted and punished for the alleged offense, is fatally defective. The indictment in the case under consideration made neither of the above averments, and the trial judge therefore erred in overruling a demurrer which clearly pointed out this insufficiency.

The decision in the case of *Jordan* v. *State,* 56 *Ga.* 92, appears to be precisely in point, and, though once doubted (*Martin* v. *State,* 95 *Ga.* 478, 20 S. E. 271), has been since recognized and followed in *Rogers* v. *Brown,* 138 *Ga.* 750 (75 S. E. 1131). See also *Butler* v. *State,* 57 *Ga.* 610. In the *Jordan* case the accused was charged with being an accessory after the fact in receiving goods stolen from another. The indictment did not set out that the principal offender had been convicted or charged with any offense at all, or tried for any offense, but alleged simply that the defendant received from the principal certain property described as belonging to one Rosser, "knowing that it had been stolen and taken and carried away from Rosser before that time." The court in that case held that "An indictment for this offense under section 4488 of the Code [Penal Code of 1910, § 168] should allege that the principal thief has been tried and convicted of the offense; if such principal can not be taken so as to be prosecuted and convicted, the accessory in receiving the stolen goods should be indicted under section 4489 [Penal Code of 1910, § 169] for a misdemeanor." In *Rogers* v. *Brown,* supra (a proceeding to forfeit a recognizance for the personal appearance of one charged with a penal offense), it was held that "the evidence relied upon to support the action showed that the only charge preferred against the principal was that of being accessory after the fact by receiving stolen goods, knowing them to be stolen, and the indictment failed to allege that.the principal thief had been convicted (Penal Code, § 168), or that the principal thief could not be taken so as to be prosecuted and convicted (Penal Code, § 169), the indictment for these reasons being fatally defective (*Jordan* v. *State,* 56 *Ga.* 92), the evidence did not support a judgment of forfeiture, although it was shown by extrinsic evidence, which was admitted over appropriate objection, that the principal thief had been convicted." See also *Brooks* v. *State,* 103 *Ga.* 50, 52 (29 S. E. 485).

It is true the indictment in the case under consideration charged the defendant with receiving, harboring, and concealing a guilty person, knowing such person to be *guilty.* However, it can not be reasonably contended that the defendant knew that the principal offender charged with the commission of a felony was *legally guilty,* since under our law every person accused of crime is presumed to be innocent until the contrary is established by legal proof, or, in

other words, until he has been tried and convicted in a court of competent jurisdiction. It would certainly present an anomalous state of affairs should one be indicted and convicted as an accessory after the fact, and thereafter the principal offender be tried and found not guilty. As in a great measure a safeguard against such results, the statute relative to accessories before or after the fact wisely provides in effect (as construed by the courts) that only after the conviction of the principal offender, or where such offender can not be taken so as to be prosecuted and punished, can an alleged accessory be indicted and tried.

The court erred in overruling the demurrer to the indictment; and, since the remaining proceedings were therefore nugatory, and a different case may be presented if another trial is had under a new bill of indictment, it is unnecessary to discuss the remaining assignments of error.                    *Judgment reversed.*