## JACKSON v. THE STATE.

FISH, C. J. 1. Floyd Jackson was convicted of murder for the killing of Richard Daniel. The deceased was assassinated at night in a road not far from his house. He was on his way home, after accompanying from his house George Cook's wife, to near the latter's home. Upon the trial the accused moved for a continuance on the ground of the absence of Roxie Brown, who had been subpœnaed in his behalf. Upon the hearing of the motion the mother of the accused testified as follows: "I know what Roxie Brown will testify in this case, and I know what she told me about it. She told me that George Cook told her that he told his wife not to go to Richard Daniel's house that evening, that he was going off to paint a schoolhouse; but that after he left, his wife went over to Richard Daniel's to get some milk and butter for an entertainment at the church, and that she stayed there until night; and she [Roxie Brown] said she asked George Cook if he done the killing, and he said, no, he didn't, and that Floyd Jackson didn't do it, that they got the wrong man; that he said, 'I didn't do it, and he didn't do it, but if my wife had stayed at home Richard Daniel would not have been killed, Richard Daniel was killed about my wife [George Cook's wife];' and she [Roxie Brown] said that is what George Cook told her somewhere about a month after Richard Daniel was killed. That is what Roxie Brown was telling us; she told us that at her house. I left Roxie Brown this morning; she was in bed; I don't know what was the matter with her; she complained of her back, head, and stomach hurting her; she has been in bed ever since Tuesday, and she has been subpœnaed." Counsel for the plaintiff in error contends that this evidence was material and tended to connect George Cook with the homicide, and to show that he had a motive for committing it. Clearly the evidence would not have been admissible had the absent witness, been present; and the court properly overruled the motion for a continuance. *Kelly* v. *State*, 82 *Ga.* 441 (9 S. E. 171); *Woolfolk* v. *State*, 85 *Ga.* 69 (15) 72 (11 S. E. 814); *Delk* v. *State*, 99 *Ga.* 667 (3), 671 (26 S. E. 752).

2. The court did not err in refusing to exclude the testimony of a witness to the effect that, in his opinion, certain tracks leading from where the homicide occurred were those of the accused; the witness having testified that he knew the track of the accused, and giving his opportunity and reasons for such knowledge.

3. Under the facts of this case, it was not error to instruct the jury in the language of the Penal Code, § 1013, as follows: "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt."

4. The evidence, though wholly circumstantial, was sufficient to authorize the jury to find that it was not only consistent with the hypothesis of his guilt, but excluded every other reasonable hypothesis save that of the guilt of the accused.

*Judgment affirmed. All the Justices concur.*

No. 1063. NOVEMBER 14, 1918.

Indictment for murder. Before Judge Worrill. Clay superior court. June 8, 1918.

*Ben. M. Turnipseed,* for plaintiff in error.

*Clifford Walker,* attorney-general, *B. T. Castellow,* solicitor-general, *R. R. Arnold,* and *M. C. Bennet,* contra.