## SALLETTE v. THE STATE (two cases).

HILL, J. The Court of Appeals requested instruction from the Supreme Court upon the following question, a determination of which is necessary for a decision of these cases: "Where a crime was committed in Long County, Georgia, and it appeared that a qualified grand jury could not be had in that county for the purpose of investigating the crime, and the judge of the superior court of Long County, under authority of the act of the General Assembly of Georgia, approved August 16, 1922 (Ga. L. 1922, p. 193), transferred the investigation of the crime to Tattnall County, Georgia, and where thereafter a grand jury of Tattnall County, after such investigation, returned an indictment charging that a named person committed the offense of murder in Long County, Georgia, and where the indictment failed to state that the investigation of the crime had been transferred from Long County to Tattnall County, was the indictment null and void for the reason that it appeared from the allegations thereof that the alleged crime was committed in Long County, Georgia, whereas the indictment was returned by a grand jury of Tattnall County, Georgia, and the jurisdiction of such grand jury to return the indictment does not appear from the indictment?" *Held,* that the indictment was not null and void for the mere alleged reason that it appeared from the allegations of the indictment that the alleged crime was committed in Long County, Georgia, whereas the indictment was returned by a grand jury of Tattnall County, Georgia, and where the jurisdiction of such grand jury to return the indictment does not appear from the indictment. The jurisdiction of the case to be investigated by the grand jury of Tattnall County was fixed by the order of the judge of the superior court of Long County, under the authority of the act of the legislature (Acts 1922, p. 193). Jurisdiction is a question for the court, and not the jury, and the court had determined the question of jurisdiction by virtue of the authority vested in it by the act of the legislature. While it might be better for the indictment to show that the trial judge had ordered the transfer of the case from Long County to Tattnall County, yet, as already indicated, the omission of such facts from the indictment would not render the indictment void. See *Howell* v. *State,* 162 *Ga.* 14 (134 S. E. 59); Const. art. 6, sec. 17, par. 1 (Civil Code of 1910, § 6544). See Civil Code (1910), § 5532 et seq.; Penal Code (1910), § 964.            *All the Justices concur.*

*John W. Bennett, W. C. Hodges, M. Price, E. A. Cohen,* and *B. A. Way,* for plaintiffs in error.

*J. Saxton Daniel, solicitor-general, J. T. Grice,* and *O. C. Darsey,* contra.

