16923, 16948.   SALLETTE *v.* THE STATE.

BROYLES, C. J.   1. Under the facts of each of these cases the court did not err in striking, upon the motion of the State, the defendant's special plea in abatement to the indictment, on the ground that the plea was insufficient in law.

2. Where a crime was committed in Long County, Georgia, and the judge of the superior court of that county, by authority of the act of the General Assembly, approved August 6, 1922 (Ga. L. 1922, p. 193), transferred the investigation of the crime to Tattnall County, Georgia (it appearing that a qualified grand jury could not be had in Long County), and where thereafter a grand jury of Tattnall County, after such investigation, returned an indictment charging that a named person committed the offense of murder in Long County, the indictment was not void for the reason that the jurisdiction of the grand jury of Tattnall County to return the indictment did not appear from the indictment, it not being stated therein that the investigation of the crime had been transferred from Long County to Tattnall County. *Sallette* v. *State*, 162 *Ga.* 442 (134 S. E. 203). Under this ruling the court did not err in either of these two cases in overruling the demurrer to the indictment.

3. The verdict in each of these two cases was authorized by the evidence, and in neither case do the special grounds of the motion for a new trial show reversible error.

*Judgments affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 4, 1926.

Manslaughter; from Long superior court—Judge Sheppard. September 10, 1925.

Manslaughter; from Liberty superior court—Judge Sheppard. September 15, 1925.

*John W. Bennett, W. C. Hodges, Ben A. Way, M. Price, Edwin A. Cohen,* for plaintiffs in error.

*J. Saxton Daniel, solicitor-general, J. T. Grice,* contra.

Indictments and Information, 31 C. J. p. 602, n. 97 New.