GRAY *v.* CITY OF ATLANTA *et al.*

HUTCHESON, Justice. 1. A charge that an ordinance "is unconstitutional, null and void, because it violates the equal-protection laws as set out in the constitution of the State of Georgia, article 1, section 1, paragraphs 2 and 3, which read as follows: (2) 'Protection to person and property is the paramount duty of government, and shall be impartial and complete.' (3) 'No person shall be deprived of life, liberty, or property, except by due process of law.'" and "for the further reason that said ordinance is violative of the 14th amendment as set out in article 14, section 1, of the constitution of the United States, which reads as follows: 'All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the law,'" without stating wherein the ordinance violates the provisions quoted, is too indefinite to invoke a ruling on the constitutionality of the ordinance. *Curtis* v. *Helen,*

171 *Ga.* 256 (155 S. E. 202). Accordingly the present case, in which the plaintiff sought to enjoin against prosecution under a municipal ordinance, must be considered on the assumption that the ordinance is valid.

2. As a general rule, "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Code, § 55-102. Whether or not, under the allegations of fact upon which petitioner based his prayer for equitable relief, a court of equity would assume jurisdiction for the purpose of enjoining a criminal prosecution, the petitioner at the interlocutory hearing failed to present any evidence in support of such allegations. Therefore, in any view, the court did not err in denying an injunction.

*Judgment affirmed. All the Justices concur.*
No. 11571. JANUARY 15, 1937.

*J. V. Poole* and *B. H. Sullivan,* for plaintiff.
*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.