## JOLLIE v. HUGHES.

HUTCHESON, Justice. This case was brought to this court on exceptions to the overruling of demurrers to a suit in the city court of Savannah, brought upon a judgment obtained against the defendant, a resident of this State, in a court of Tennessee, pursuant to a statute of Tennessee providing for suits in that State against non-resident and non-licensed operators of motor vehicles on the highways of that State, on causes of action arising out of any accident or injury occurring in that State in which such vehicle is involved. *Held:*

1. The charges, in the demurrers interposed by the defendant to the suit brought in this State, that the statute of Tennessee upon which the judgment sued upon is based "is null and void, because the same is in contravention to that part of the constitution of Georgia, article 1, section 1, paragraph 3 [Code, § 2-103], which prohibits the taking of property without due process of law, and of the amendments to the constitution of the United States, article 14, section 1 [Code, § 1-815]," and "that part of the constitution of Georgia, article 1, section 1, paragraph 2 [Code, § 2-102], which makes the protection to person and property the paramount duty of the Government, and shall be impartial and complete," and "that part of the constitution of the United States, article 4, section 2, paragraph 1 [Code, § 1-402], which provides that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States," without stating wherein the statute of Tennessee violates the provisions referred to, are too indefinite to invoke a ruling on the constitutionality of the statute (*Gray* v. *Atlanta*, 183 *Ga.* 730, 189 S. E. 591; *Curtis* v. *Helen*, 171 *Ga.* 256, 155 S. E. 202), and do not present any constitutional question for decision.

2. As no constitutional question is made, and the only other grounds of the demurrer relate to questions reviewable by the Court of Appeals, the case is ordered transferred to that court. *Harris* v. *State*, 147 *Ga.* 489 (94 S. E. 572).

3. In this view of the case it is unnecessary to decide whether this court or the Court of Appeals has jurisdiction of a case involving an attack on the constitutionality of a law of a sister State. See, in this connection, *Gulf Paving Co.* v. *Atlanta*, 149 *Ga.* 114 (99 S. E. 374); *Howell* v. *State*, 153 *Ga.* 201 (111 S. E. 675); *Dunn Motors Inc.* v. *General Motors Acceptance Cor.*, 174 *Ga.* 743 (163 S. E. 906), and cit.; *Western & Atlantic Railroad* v. *Leslie*, 176 *Ga.* 385 (168 S. E. 15); *Thompson* v. *Atlanta*, 176 *Ga.* 489 (168 S. E. 312); *Gormley* v. *Searcy*, 179 *Ga.* 389 (175 S. E. 913); *Maner* v. *Dykes*, 183 *Ga.* 118 (187 S. E. 699).

*Transferred to the Court of Appeals. All the Justices concur.*

No. 11911. NOVEMBER 12, 1937.

*Samuel A. Cann* and *Edward A. Dutton,* for plaintiff in error. *Edward C. Brennan* and *Adams, Adams & Douglas,* contra.