## HARRIS *v.* THE STATE.

No. 13505.   November 21, 1940.

*L. D. McGregor, Randall Evans Jr., Jack D. Evans,* and *James R. Evans,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Cecil Davis, solicitor-general, C. E. Sutton, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

DUCKWORTH, Justice. ■ The challenge to the array of the grand jurors was based upon a number of grounds. The first ground alleged that for the jury of Warren County to pass upon a crime committed in Glascock County would violate the fifth and sixth amendments to the constitution of the United States (Code, §§ 1-805, 1-806), as well as article 1, section 1, paragraphs 1, 2, 3, 4, 5, of the constitution of Georgia (Code, §§ 2-101 through 2-105). It also alleged that Ga. L. 1922, pp. 193-195, violated the same constitutional provisions. This ground was attacked by demurrer, because it failed to point out the manner in which the constitution was violated, and failed to show any violation of the constitutions. The demurrer was sustained. It has been uniformly held by this court that to raise a constitutional question it is essential that the pleadings point out the particular respect in which there is a violation, and that a failure in this respect is fatal and renders the pleading meaningless and subject to demurrer. *Sanders* v. *Hinton,* 171 *Ga.* 702 (4) (156 S. E. 812); *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235); *Gray* v. *Atlanta,* 183 *Ga.* 730 (189 S. E. 591); *Jollie* v. *Hughes,* 184 *Ga.* 860 (193 S. E. 769); *Rose Theatre Inc.* v. *Lilly,* 185 *Ga.* 53 (193 S. E. 866).

■ The challenge attacks the legality of the clerk and sheriff of Warren County acting as clerk and sheriff in this case. This ground is based upon the Code, § 59-506. While this section provides that in such cases the sheriff and clerk of the county in which the crime was committed "shall be qualified and authorized to perform the duties of said officers in the same manner as if there had been no change of venue," yet this language does not authorize a construction that would prohibit the sheriff and clerk of the county to which the case has been transferred on change of venue from performing any of the duties of sheriff and clerk in connection with the case so transferred. The words "qualified and authorized" as here used mean that these officers are permitted to act, but they are not required to do so. The sheriff and clerk of Warren County are authorized to perform any and all duties of their respective offices within that county, and there is nothing in this statute taking away this authority. In this case the sheriffs and clerks of both Glascock and Warren counties were qualified and authorized to perform any and all duties of those officers in connection with the case.

■ The array was also challenged upon the grounds that the jury comissioners had not taken an oath before the ordinary and had such oath recorded on the minutes of the ordinary, and that the jury list had not been certified by the commissioners to the clerk of the superior court. The evidence showed that the jury commissioners took an oath before the clerk of the superior court, but that it was not recorded; and it further showed that, while the commissioners had not certified the jury list, they had prepared such a list, had signed their names thereto, and it was recognized as the list prepared by the jury commissioners. In view of the evidence, this ground of the challenge was without merit. See *Cox* v. *State,* 64 *Ga.* 374 (2) (37 Am. R. 76); *Wright* v. *State,* 124 *Ga.* 84 (52 S. E. 146); *Brinkley* v. *State,* 54 *Ga.* 371 (5); *Carter* v. *State,* 56 *Ga.* 463 (2); *Crawford* v. *State,* 81 *Ga.* 708 (8 S. E. 445). The decision in *Lumpkin* v. *State,* 152 *Ga.* 229 (7) (109 S. E. 664), relied upon by defendant in support of this ground, merely ruled that the facts there relied upon to support the plea in abatement were matters that should have been raised by challenge to the array; and that since the plea failed to show lack of notice and opportunity to raise the points in a challenge to the array, the plea in abatement was invalid and would not be sustained. It did not rule or intimate that the objections would have been good if properly raised by a challenge to the array; hence it is not authority on the question here involved.

■ It was also alleged that the grand jurors were notified to reconvene by the sheriff of Warren County; and that he was disqualified to act, because he had gone to Glascock County and attempted to apprehend persons guilty of the crime, and because he had gone to Augusta and talked with Jim Davis, a principal, about the case. The evidence showed that, acting on the request of the sheriff of Glascock County, he did assist in an attempt to track persons thought to be connected with the crime, and that he went to Augusta and talked to Davis about the case; but the sheriff testified that he had no pecuniary interest in the case. This constitutes no valid ground for challenge. The law places upon the sheriffs the official duty to detect crime and apprehend criminals. If the performance of this duty should disqualify a sheriff, then it would be necessary for each county to have at least two sheriffs if enforcement of the criminal laws of the State shall continue. It is

commendable in a sheriff to assist the sheriff of another county in the performance of this important duty and service to the public. Another question is presented if it is shown that such an officer is prompted by employment or pecuniary gain; for there a personal interest is involved, and this interest causes disqualification. See *Phillips* v. *State,* 29 *Ga.* 105. But where his interest is only a desire to enforce the law, the sheriff is not disqualified. In *Atkinson* v. *State,* 112 *Ga.* 411 (37 S. E. 747), it was held that the fact that a juror is closely related to one acting as a partisan for the State in a criminal prosecution affords no ground of challenging such juror for cause. In the record on file in the clerk's office of this court it appears that such partisan actively assisted the solicitor-general in the prosecution, by assisting in striking the jury, prompting questions, and suggesting witnesses. See *Campbell* v. *State,* 144 *Ga.* 224 (87 S. E. 277).

■ The plea in abatement recited that each of the grounds upon which it was based had previously been presented by the challenge to the array of grand jurors. A plea in abatement based upon grounds which are proper matters for a challenge to the array of the grand jurors must show that the defendant had not been given notice and opportunity to present such grounds by a challenge to the array. *Turner* v. *State,* 78 *Ga.* 174; *Tucker* v. *State,* 135 *Ga.* 79 (68 S. E. 786). This plea showing upon its face that the defendant had such notice and opportunity, it was properly dismissed. Moreover, having obtained a previous ruling upon each question presented by the plea, the defendant was not entitled to raise the same questions again, the previous ruling thereon constituting res judicata. For these reasons there was no error in dismissing the plea in abatement.

■ Ground (a) of the demurrer to the indictment asserts that Ga. L. 1937, p. 490, is void, in that it offends article 3, section 7, paragraph 8, of the constitution of Georgia (Code, § 2-1808), in that the body of the act contains subject-matter not embraced in the caption. The caption recites that it is to amend Code § 26-2502, so that the punishment for robbery by open force or violence shall be death or life imprisonment instead of four to twenty years; "and for other purposes." In addition to making the change specifically indicated in the caption, the body of the act adds the following: "Provided, however, the jury in all cases

may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in the discretion of the court." It is insisted by the demurrer that this provision in the body is foreign to the caption, and constitutes a violation of the constitutional provision relied upon. It has been held that where the caption contains the words "and for other purposes" this language authorizes the incorporation in the body of the act of any provision that is incidental or germane to the main objective as indicated by the caption. *Hart* v. *State*, 113 *Ga.* 939 (39 S. E. 321); *Cady* v. *Jardine*, 185 *Ga.* 9 (193 S. E. 869); *Welborne* v. *State*, 114 *Ga.* 793 (6), 816 (40 S. E. 857). It is apparent that the object of the act here involved was to deal with the subject of punishment for robbery by force; and while the main purpose was to fix the punishment at death or life imprisonment, the body of the act does not offend the constitutional provision relied upon by adding the further provision to which objection is made, after the accomplishment of the main objective. This, too, is dealing with the subject of punishment for the offense of robbery by force, and is authorized by the language of the caption, "and for other purposes."

Ground (b) of the demurrer attacks the act upon the ground that it is too vague, uncertain, and indefinite for enforcement, in that it is not made clear whether it is in the discretion of the judge to submit to the jury the right to provide punishment of from four to twenty years, or whether such discretion of the judge as mentioned in the act lies only in fixing the minimum and maximum punishment in the event the jury should recommend punishment of from four to twenty years. The language of the act is not subject to the criticism made. It is as follows: "Provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in the discretion of the court." This language confers upon the jury the unrestricted power "in all cases" to make the recommendation there provided for; and it leaves solely to the discretion of the court whether or not such recommendation will be followed. This is a construction of this particular act, without reference to the law which at the time of the commission of this alleged crime required the judge to fix the punishment (Ga. L. Ex. Sess. 1937-38, p. 326), or to the act of 1939 (Ga. L. 1939,

p. 285), which places the duty of fixing punishment upon the jury. Under the former it would be the duty of the judge with such a recommendation, if in his discretion he followed the same, to fix a punishment within the minimum and maximum prescribed by the statute; and under the law as it now stands, in making such a recommendation, it would be the duty of the jury to fix the punishment within the minimum of four years and the maximum of twenty years as prescribed by this statute, and it would then be left to the discretion of the judge whether or not he would follow such recommendation. The statute is specific, certain, and definite, and is not subject to the attack made by this ground of the demurrer.

Ground (c) asserts that the indictment is fatally defective, because it fails to allege that any person has been convicted as a principal, or that the principals are unknown, or that said principals have not been taken into custody. The indictment alleged that named principals had committed the offense of robbery by open force, and stated with certainty and particularity the facts constituting the felony committed by the principals. It then alleged the facts upon which this defendant was charged with the offense of being an accessory before the fact to the commission of the felony. The indictment thus contained sufficient allegations as to the guilt of the principals. It was not necessary that the conviction of the principals be alleged. 27 Am. Jur. 655, § 95. While the general rule is that an accessory should not be tried before the conviction of the principal, this is merely a regulation affecting the trial of the accessory. The conviction of the principal as distinguished from his guilt is not an element of the crime of an accessory, but it affects the time when or manner in which the accessory can be tried. *Cantrell* v. *State,* 141 *Ga.* 98, 101 (80 S. E. 649); *Ford* v. *State,* 162 *Ga.* 422 (134 S. E. 95). The decision in *Smith* v. *State,* 46 *Ga.* 298, relied upon by counsel for the plaintiff in error, held that an accessory before the fact could not be tried before the conviction of the principal, but did not hold that the indictment should allege that the principal had been convicted. It should be noted that the objection that the principal had not been tried was made by the defendant accessory *upon his arraignment.* In *Jordan* v. *State,* 56 *Ga.* 92, *Rogers* v. *Brown,* 138 *Ga.* 750 (75 S. E. 1131), and *Ford* v. *State,* supra, this court held that an indictment against

one for receiving stolen goods, knowing them to be stolen, must allege that the principal thief has been indicted and convicted. It appears that these decisions are based upon the ground that the Code, §§ 26-2620 and 26-2621, dealing with the offense of receiving stolen goods, makes such conviction a prerequisite to an indictment thereunder. While the correctness of this construction has been doubted (see *Martin* v. *State*, 95 *Ga.* 478, 20 S. E. 271; *Ford* v. *State,* supra), it has now become the settled law of this State. However, a diligent search reveals no decision of this court holding that indictments against accessories before the fact to *other felonies* must contain an allegation that the principal has been convicted. Code § 26-2621 appeared in the Code of 1873 as § 4489, where different language was used. As it there appeared, the section provided that, if the principal thief could not be taken, one receiving stolen goods might be prosecuted "as for a misdemeanor," and, upon conviction, receive the same punishment as would be inflicted upon the principal thief. It may be that the *Jordan* decision was based upon the peculiar language of the Code as it appeared at the time that case was decided; but in any event it is clear that the decision and those which have followed it were based upon the ground that the Code sections dealing with receiving stolen goods require the allegation of the conviction of the principal. In *Roberts* v. *State,* 18 *Ga. App.* 529. (89 S. E. 1055), it was held that an indictment charging the offense of receiving, harboring, and concealing a person guilty of a felony, knowing him to be guilty, must allege the conviction of the principal offender. That decision appears to have been based upon the ground that those of *Jordan* v. *State* and *Rogers* v. *Brown,* supra, stated a rule applicable to the indictment of all accessories. As pointed out above, such is not the case; and the *Roberts* case is disapproved in so far as it conflicts with anything ruled herein. If the conviction of the principal must be alleged in the indictment, it logically follows that the principal and the accessory can not be jointly indicted. That was the conclusion reached by the Court of Appeals in *Smiley* v. *State,* 23 *Ga. App.* 317 (98 S. E. 125), where it was held that one indicted for receiving stolen goods could not be indicted jointly with the principal offender. Yet it is clear that ordinarily accessories may be jointly indicted with principals. In *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1), it was held that a principal and an

accessory before the fact to robbery by force may be charged in the same indictment and in one count. It must necessarily be inferred from that decision that the court did not consider the previous conviction of the principal to be an essential allegation in an indictment against an accessory. We deem that decision to be controlling on the question.

Ground (d) of the demurrer asserts that the indictment attempts to charge the defendant with two distinct offenses and with two different grades of the same offense, to wit, robbery by open force and robbery by intimidation. It attacks the indictment upon the ground that it should contain two different counts, or should set forth the two different grades of the offense with such definiteness and particularity that the jury in passing upon the case might be able to separate the crime of robbery by force from that of robbery by intimidation. The indictment contains the following language: "In the name and behalf of the citizens of Georgia, charge and accuse Hardwick Harris, of the State aforesaid, with the offense of accessory before the fact to robbery by open force." Further on, in setting out the means and methods by which this force was employed, the indictment asserts that it was done "unlawfully, feloniously, wrongfully, and fraudulently and violently by open force and violence and by intimidation." The quoted language is sufficient to demonstrate that the indictment charged and accused this defendant with the offense of accessory before the fact to robbery by open force, and that he was not charged and accused of the lesser grade of robbery by intimidation. Robbery by open force and robbery by intimidation are not separate offenses, but are two grades of the same offense. It is permissible to join in the same indictment in a single count different grades of the same offense. *Long* v. *State,* 12 *Ga.* 293; *Lampkin* v. *State,* 87 *Ga.* 516 (2) (13 S. E. 523). The portion of the indictment here attacked meets the requirement set forth in the Code, § 27-701.

Ground (e) of the demurrer asserts that the indictment charged the defendant with being present at the scene of the crime, by the use of the following language: "did yet then and there unlawfully, feloniously, wilfully, procure, counsel, and command the said John Sherman Harris and the said Jim Davis to commit the crime of robbery by open force, aforesaid." Immediately preceding the quoted language, and in the same paragraph, the indictment con-

tains the following language: "and for that the said Hardwick Harris, being absent at the time of the commission of said crime aforesaid, in the manner and form aforesaid, by the said John Sherman Harris and the said Jim Davis." These quotations taken from the language of the indictment sufficiently answer this ground of the demurrer, and illustrate that it is not well founded.

Grounds (f) and (g) assert that there is no allegation that the defendant procured, counseled, or commanded that a crime or this particular crime be committed in Glascock County, Georgia. The indictment charges that John Sherman Harris and Jim Davis, in Glascock County, Georgia, did on December 17, 1938, commit the offense of robbery by open force. The indictment thereafter alleges that Hardwick Harris, being absent at the time, "did yet then and there unlawfully, feloniously, wilfully, procure, counsel and command the said John Sherman Harris and the said Jim Davis to commit the crime of robbery by open force." The expression "then and there" refers to the County of Glascock, State of Georgia. However, it was not necessary to allege in the indictment where the accessorial acts were committed. All criminal cases shall be tried in the county where the crime was committed. Code, § 27-1101. An accessory must be tried in that county also. *Powers* v. *State*, 172 *Ga.* 1 (157 S. E. 195); *Welch* v. *State*, 49 *Ga. App.* 380 (2), 387 (175 S. E. 598). These grounds of the demurrer are without merit.

Ground (h) attempts to raise the same constitutional questions in the same form and manner as they were made in ground 1 of the challenge to the array, and the rulling as to that ground is controlling on this ground. For the reasons above stated, there was no error in overruling the demurrer.

■ Ground 2 of the challenge to the array of the traverse jurors asserted that the regular April term of Warren superior court convened on April 1, 1940; that the court continued in session and reconvened on Mondays, April 8, April 15, and May 13; that on each of these Mondays business was transacted by the court requiring the attendance of the traverse jury; and that twenty-nine named jurors were required to be present as tales jurors on two or more of the named dates when the court was in session, and therefore were not on May 13 competent to serve as jurors, and thus rendered the first three panels placed on the defendant illegal.

The court overruled this ground, and in its order made reference to other orders of the court which showed that the court was not in session after the first week, but that each meeting thereafter constituted an adjourned term. While the act establishing the superior court of Warren County (Ga. L. 1910, p. 63) provides that the court shall convene on the first Mondays in January, April, July, and October, it does not specify the length of the term. This ground of the challenge is based upon the Code, § 59-712, which declares: "No person shall be competent or compellable to serve as a tales juror upon the traverse jury in the superior court more than two weeks at any one term. The provisions of this section shall not apply to any person regularly drawn for jury duty, nor to jurors actually engaged in the trial of a case at the expiration of the two weeks." In view of the various orders adjourning the court over to the dates specified in such orders, of which the court properly took cognizance, the applicable Code section is 24-3009, which provides that the judges of the superior court may, in their discretion, hold adjourned terms, when the business requires it to close the dockets, and may, in the exercise of a sound discretion, cause new juries to be drawn for the same, or order the juries drawn for the regular term to give their attendance upon such adjourned terms; and such judges are authorized to hold special terms for the trial of criminal cases or for the disposition of civil business, either or both, and either to compel the attendance of jurors of a previous term or to draw new jurors for the same, according to the laws now in force. It is provided in the Code, § 59-710, that when the superior court is held for longer than one week, the judge shall draw separate panels for each week of the court. It has been held that the judge may, where the act does not designate the length of the term, adjourn court from week to week, and require the attendance of the same panel during the adjourned session. *Cribb* v. *State,* 118 *Ga.* 316 (6, 7) (45 S. E. 396). There is no merit in this ground of the challenge, and the order striking it was not error. All other grounds of this challenge were the same as grounds presented in the challenge to the grand jury, and are controlled by our rulings on that challenge.

The issues made by the challenge to the array of traverse jurors were submitted to a jury of twelve, consisting of jurors then in attendance in court, over the objection of defendant that they

were disqualified to serve. The court denied the defendant's request that he be allowed twenty strikes, and permitted each side only six strikes. Error is assigned on these rulings. At the conclusion of the evidence the court directed a verdict against the challenge, and error is also assigned on this ruling. The Code, § 59-803, provides: "The accused may, in writing, challenge the array for any cause going to show that it was not fairly or properly impaneled, or ought not to be put upon him; the sufficiency of which challenge the court shall determine at once. If sustained, a new panel shall be ordered; if not sustained, the selection of jurors shall proceed." There is here no provision for the submission to a jury of issues made by a challenge to the array. By explicit language it is therein provided, "the sufficiency of which challenge the court shall determine at once." Since in the present case the sufficiency of the challenge was determined by the court in its action directing the verdict, all of the questions raised by these assignments of error are answered adversely to the movant by the plain language of the statute. The soundness of this construction of the statute is made clearly to appear when it is observed that in every case of challenge to the array of traverse jurors the available jurors for the trial of such an issue would be required to pass upon their own competency. Since the defendant was not entitled to a jury trial, the questions raised relating to the jury show no injury to him.

■ Ground 12 of the motion for a new trial assigns error upon the failure of the court to sustain the defendant's objection to the testimony of the witness Kitchens, with reference to the value of a pocket-book. It is insisted that the testimony was an opinion, and should have been disallowed for that reason. The witness gave certain facts, and based his estimate of the value upon the facts given. A non-expert witness is permitted to testify as to his opinion, provided he gives facts upon which that opinion is based. Code, § 38-1709; *Central Railroad* v. *Wolff*, 74 *Ga.* 664 (3); *Allison* v. *Wall*, 121 *Ga.* 822 (49 S. E. 831). This evidence was properly admitted over the objection interposed.

■ Ground 22 complains of the ruling admitting the testimony of witness Cosnahan, who testified that he was conductor on the train between Macon and Savannah, and that on December 17, 1938, this train picked up Georgia Railroad car No. 20249 and

carried it to Macon. The objection was that this testimony was based upon the railroad records made by the flagman. The witness testified that the record was made by the flagman at the witness's direction, and that he was in the caboose with the flagman when the record was made. There is no merit in this assignment of error. Code, § 38-1707; *Proctor & Gamble Co.* v. *Blakely Oil & Fertilizer Co.*, 128 *Ga.* 606 (2) (57 S. E. 879) ; *Rogers-McRorie Co.* v. *Robeson Cutlery Co.*, 13 *Ga. App.* 495 (2) (79 S. E. 374).

■ Grounds 23 and 26, complaining of the admission in evidence of a pocket-book which had been identified by a witness who stated the facts upon which his identification was made, are controlled by the ruling on ground 12 in division 9. See *Thompson* v. *Davitte*, 59 *Ga.* 472 (12) ; *Wiggins* v. *Henson*, 68 *Ga.* 819; *Green* v. *State*, 125 *Ga.* 742 (2) (54 S. E. 724) ; *Jackson* v. *State*, 148 *Ga.* 519 (2) (97 S. E. 525).

■ Grounds 28 and 29 complain that the evidence showed that the alleged crime was committed in Glascock County, Georgia, and did not show that the superior court of Warren County had jurisdiction to try the case. There was no occasion for the introduction of evidence to establish the jurisdiction of the court. That is a matter for the determination of the court, and not the jury. *Howell* v. *State*, 162 *Ga.* 14, 20 (134 S. E. 59) ; *Sallette* v. *State*, 162 *Ga.* 442 (134 S. E. 68).

■ Ground 30 complains because the court refused on timely written request to charge the jury as follows: "I charge you that a conspiracy can not be established by action of a co-conspirator during the defendant's absence." In his charge as given on the subject of conspiracy, the court instructed the jury as follows: "I charge you further that the defendant is not responsible for actions of the alleged co-conspirator, during the absence of the defendant, unless such actions are the result of the advice, counsel, and command of the defendant." It thus appears that the requested instruction was amply and fairly covered by the charge as given. It was not error to refuse the request. *Ellis* v. *Britt*, 181 *Ga.* 442 (4) (182 S. E. 596) ; *Brenner* v. *Wright*, 187 *Ga.* 770 (2) (2 S. E. 2d, 410) ; *Bellamy* v. *Bellamy*, 187 *Ga.* 804 (3) (2 S. E. 2d, 413).

■ Ground 31 complains because of the failure of the court to charge that it is the policy of the law of the State of Georgia

that it is better that ninety-nine guilty persons should go unconvicted than that one innocent person should be convicted; and that if there is a reasonable doubt in the minds of the jury as to the guilt of the accused, they should resolve that doubt in his favor and acquit him. In the general charge the jury were fully instructed on the law of reasonable doubt. It is not the policy of the law of this State that it is better that ninety-nine guilty persons should escape rather than that one innocent person should be convicted. The law intends that neither ninety-nine nor nine guilty persons shall escape conviction, nor that a single innocent person shall be convicted. It is required to make no choice between the escape of the guilty and the conviction of the innocent. This attack upon the charge is without merit.

Ground 32 assigns error upon the refusal to charge, as requested, that "the law does not favor convictions based upon confessions, and, least of all, upon implied confessions." There was no evidence of confession, and the court would have been unauthorized to charge on the subject of confession as requested.

Grounds 33 and 34 complain because the court charged the jury that robbery by intimidation was not involved; and it is insisted that the court should have instructed the jury that they were concerned only with the question of robbery by intimidation. These complaints are controlled adversely to the defendant by the ruling in division 6 of this opinion.

Ground 35 assigns error on the charge that if the jury found there was no conspiracy, or if there was a conspiracy and the defendant did not participate in the common intent and purpose to do what was done, or if what was done was not that which was alleged in the indictment, then anything done by any other person could not be binding upon the defendant in this case. The defendant asserts that this charge eliminated the fact that the defendant would not be bound by the acts of any other person, if such person was not a party to the alleged conspiracy. The charge is not subject to the construction given it by defendant, and the objection is without merit.

Ground 36 complains of the following excerpt from the charge: "So that in this case, before you would be authorized to find that any conspiracy existed between this defendant and Jim Davis, you would have to find that same had not been proved by

testimony other than by the testimony of Jim Davis." The portion of the charge excepted to is inaccurate in that it states that before the jury could find that a conspiracy existed between the defendant and Jim .Davis they would have to find that same had not been proved by evidence other than the testimony of Jim Davis. This, however, is manifestly a verbal inaccuracy that neither confused nor misled the jury. Immediately preceding this portion of the charge, the court instructed the jury that the testimony of an accomplice must be corroborated, and that corroborating circumstances which only raise a grave suspicion against the defendant are not sufficient corroboration. Also: "I charge you that a conspiracy can not be established by declarations of a co-conspirator. . . You are not authorized under any circumstances to consider the confession of Jim Davis as evidence of the guilt of Hardwick . Harris." Thus it is evident that the jury was not misled by the charge excepted to. Such slip of the tongue would not have misled the jury, and is not ground for a new trial. *Perdue* v. *State,* 135 *Ga.* 277 (2) (69 S. E. 184) ; *Stanford* v. *State,* 153 *Ga.* 219, 236 (112 S. E. 130) ; *Miller* v. *State,* 176 *Ga.* 825 (5) (169 S. E. 33).

■ Ground 37 complains because the court gave in charge the exact language of the Code, § 26-2502, as amended by Ga. L. 1937, p. 490 ; and immediately thereafter charged that the jury might find the defendant guilty, in which event the extreme penalty of the law would be imposed upon him, which is death by electrocution, unless they went further and added thereto, "and we recommend him to the mercy of the court," in which event he would be incarcerated in the penitentiary for and during his natural life; and that they would not be authorized to recommend punishment of not less than four years nor longer than twenty years in the penitentiary, as the jury did not have that right at the time of the alleged offense. This charge is assailed upon the ground that it was error to give in charge that portion of the Code section authorizing the jury to make any recommendation and add the same to their verdict of guilty; it being contended that under the act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-38, p. 326), which was of force on the date of the alleged crime for which the defendant was on trial, the jury was authorized to pass only on the question of the guilt or innocence of the accused, and that the question of punishment was solely for the determination of the judge. This assignment of error

involves the construction of two separate and distinct statutes. Under the statute embraced in the Code, § 26-2502, as amended in 1937, the law provides that one found guilty of the offense there named may be subject to the penalty of death or life imprisonment, or from four to twenty years in the penitentiary, depending upon the recommendation of the jury. In effect this statute grades the offense on a scale graduated by the nature of the evidence and the circumstances of the crime, as found to be true by the jury. The only portion left to the discretion of the authority imposing the penalty, whether it be the jury or the trial judge, is in fixing a term within the minimum of four years and the maximum of twenty years. Before the act approved February 16, 1938, this responsibility was placed upon the jury, but by that act it was placed upon the trial judge; and should the jury have recommended that the defendant be imprisoned for not less than four nor more than twenty years in the penitentiary, and had the judge followed this recommendation, it would have been the duty of the judge, under this act, to impose a sentence within the minimum and maximum provided by the statute, in the exercise of his discretion. The purpose of the act of 1938 was to take from the jury and vest in the trial judge the authority to fix the penalty, where the same is not definitely fixed by statute. It had no other purpose and can be given no other effect. It did not repeal or modify the other statute here involved, in so far as the different grades of the offense are there stated. The charge was erroneous in so far as it instructed the jury that they were unauthorized to recommend punishment of not less than four years nor longer than twenty years in the penitentiary. It was not erroneous for any of the other reasons assigned.

Ground 38 complains because the court failed to charge the jury as to the punishment for the offense of robbery by intimidation. As ruled in division 6, robbery by intimidation was not involved in this case. This ground is without merit.

The first three grounds of the motion for a new trial are general, and question the sufficiency of the evidence to support the verdict. Grounds 4 through 25, with the exception of 12, 22, and 23, assign error on the admission of testimony of various witnesses tending to show the guilt of the alleged principals, upon the ground that it failed to connect this defendant with the crime, in that

neither this testimony nor any other evidence produced upon the trial was sufficient to show a conspiracy between the principals and the defendant. All of these grounds will be controlled by our ruling on the sufficiency of the evidence to support the verdict; and accordingly they are treated together. The evidence was sufficient to show the guilt and conviction of the principals. It showed the defendant's association with the principals some time before the commission of the offense, and his apparent intimacy with such principals. He was seen engaged in conversation with the principals and another alleged accessory before the fact, a few days before the commission of the crime; but there was no evidence as to the subject of the conversation. There was evidence that after the offense had been committed, the defendant attempted to procure false testimony for use in behalf of his brother, a principal, and made an effort to find a pistol which his brother told him was located at a designated place. While this evidence might create a suspicion against the defendant, it is insufficient to prove his guilt of the crime for which he was tried. Evidence which merely creates a suspicion will not support a conviction. If he attempted to buy perjured testimony for use in behalf of his brother, he was in contempt of court and guilty of deplorable conduct; but the ugliness of this conduct can not change it into proof of something it by no means proves. In the written statement of one of the principals, introduced in evidence for the purpose of showing the guilt of that principal, there were certain expressions which tended to connect this defendant with the crime; but the jury was not authorized to consider this as evidence in determining the defendant's connection with the crime. The statement was mere hearsay, and was not entitled to consideration on the same basis as would have been the sworn testimony of an accomplice introduced against the accused upon the trial. See *Howard* v. *State,* 109 *Ga.* 137 (4, 5) (34 S. E. 330). The evidence was insufficient to connect the defendant with the commission of the crime; and the court erred in admitting in evidence the testimony objected to in the grounds of the motion for a new trial indicated above.

Ground 27 complains of the action of the court in interrupting counsel for the defendant in his argument to the jury. This question is not likely to arise on another trial, and therefore it will not now be ruled upon. For the reasons stated in divisions 19

and 26 of this opinion, the court erred in overruling the motion for a new trial. *Judgment reversed. All the Justices concur.*

ATKINSON, Presiding Justice concurring specially. Since the judgment is reversed for the reason pointed out in the decision, it is unnecessary to deal with the general grounds, and no ruling should be made thereon as in division 21. The testimony there referred to was at least material and admissible as tending to prove the charge laid in the indictment.