FLORIDA STATE HOSPITAL FOR THE INSANE *et al. v.*
DURHAM IRON COMPANY.

No. 13756.   JUNE 20, 1941.

462

*J. Tom Watson, attorney-general of Florida, Nathan Cockrell,* and *John R. Wilson,* for plaintiffs in error.

*Charles H. Kirbo* and *Vance Custer,* contra.

BELL, Justice. 1. Under the facts of this case, the Court of Appeals, and not the Supreme Court, has jurisdiction of the writ of error. Under the constitution of Georgia, the Supreme Court has jurisdiction "in all cases that involve the construction of the constitution of the State of Georgia or of the United States;" "in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land." See Code, § 2-3005, where still other classes of cases, not here material, are enumerated. It has been held: "The Court of Appeals has jurisdiction to decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States, and that do not involve the constitutionality of any law of the State or of the United States or any treaty." *Gulf Paving Co.*

v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). In the present case no statute is attacked as unconstitutional, nor is there any reference to the constitution of this State, either as to construction or application. The motion to quash and dismiss was based in part, however, on the eleventh amendment to the United States constitution, by which it was provided, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign State." Code, § 1-811. Ground 8 of the motion stated the contention of "movants" as to the purpose of this amendment, which contention is repeated in the bill of exceptions as assignment of error (d), wherein it is averred that "said suit is [in] violation of and repugnant to the eleventh amendment to the constitution of the United States, which eleventh amendment was designed for the express purpose of preventing the indignity of subjecting a sovereign State to the coercive process of judicial tribunals at the instance of either private individuals, firms, or corporations of this or any other State, and as such officers should not be summoned into court or its property seized for the payment of its debts without its consent." The case does not by these features present any question of construction within the meaning of the decision in *Gulf Paving Co.* v. *Atlanta,* supra.

The meaning and purpose of the eleventh amendment have been stated in numerous decisions by the Supreme Court of the United States. In re Ayers, 123 U. S. 443, 505 (8 Sup. Ct. 164, 31 L. ed. 216), it was stated: "The very object and purpose of the 11th amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private individuals. It was thought to be neither becoming nor convenient that the several States of the Union, invested with that large residuum of sovereignty which had not been delegated to the United States, should be summoned as defendants to answer the complaints of private persons, whether citizens of other States or aliens, or that the course of their public policy and the administration of their public affairs should be subject to and controlled by the mandates of judicial tribunals, without their consent, and in favor of individual interests." Similar extracts from other decisions might be quoted. But after all, the State immunity thus

discussed is immunity from suit in the Federal courts, because the amendment itself was clearly intended as a mere limitation upon Federal jurisdiction, and not as a restriction upon courts of other jurisdictions. "The eleventh amendment is an explicit limitation upon the judicial power of the United States. . . However important that power, it can not extend into the forbidden sphere." Missouri *v.* Fiske, 290 U. S. 18, 25 (54 Sup. Ct. 18, 78 L. ed. 145). The amendment was in no sense the source of the rule that a State can not be sued without its consent; for the rule was already in existence as a principle applicable to sovereignties generally, and the only purpose of the amendment was to force its recognition by the Federal courts with respect to the several States. For instance, in Beers *v.* Arkansas, 61 U. S. 527, 529 (15 L. ed. 564), we find the following: "It is an established principle of jurisprudence in all civilized nations that the sovereign can not be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it." We quote this statement only for its historical value, and not as approving all or any part of it as a rule to be applied in the present case; for the case itself is not for decision by this court On the general subject, see 25 R. C. L. 412, § 49; 59 C. J. 300, § 459; and as to history of the eleventh amendment, see Chisholm *v.* Georgia, 2 Dall. 419 (1 L. ed. 16); Hollingsworth *v.* Virginia, 3 Dall. 378 (1 L. ed. 644); Governor of Georgia *v.* Madrazo, 26 U. S. 110 (7 L. ed. 73); In re Ayers, 123 U. S. 443, 462-464 (31 L. ed. 216); Supreme Court of the United States in History (Charles Warren), vol. 1, pp. 90-104.

It follows from what has been said that the eleventh amendment has no relevancy whatever to the present case, and to this extent at least it is so clear in meaning as not to require construction within the rule as to jurisdiction stated in *Gulf Paving Co.* v. *Atlanta,* supra. The fact that a party may invoke either application or construction of a totally irrelevant constitutional provision mani-

festly could not serve to place the case within the jurisdiction of this court. It has been held several times that jurisdiction is not vested in this court merely because it is contended that an *action or judgment* is or would be contrary to some provision of the State or Federal constitution. *Dunn Motors* v. *General Motors Acceptance Corporation,* 174 *Ga.* 743 (163 S. E. 906) ; *Thompson* v. *State,* 174 *Ga.* 804 (164 S. E. 202) ; *Campbell* v. *Atlanta Coach Co.,* 186 *Ga.* 77 (196 S. E. 769) ; *Methodist Episcopal Church* v. *Decell,* 187 *Ga.* 526 (1 S. E. 2d, 432) ; *Head* v. *Edgar Brothers Co.,* 187 *Ga.* 409 (200 S. E. 792). A fortiori, such jurisdiction would not attach where the provision invoked is palpably irrelevant. Courts are established and exist, not for the purpose of deciding theoretical law, but for adjudication of the rights of litigants; and surely a constitutional question which bears no reasonable relation to the case in hand could not be considered as determining jurisdiction. The question must at least be so related to the particular case that a decision thereon will be necessary unless it shall become unnecessary because of rulings on other questions raised. *Burns* v. *State,* 191 *Ga.* 60 (1, 4), 64 (11 S. E. 2d, 350). For illustration, a person indicted for the offense of fishing on Sunday could not, by pleading that his conviction would be in violation of the constitutional provision as to freedom of the press, and asking for a construction of such provision, bring the case within the jurisdiction of this court. This is of course an extreme example, but it illustrates the principle as to jurisdiction, and the present case is similar to the extent that it plainly does not involve any constitutional question a decision of which could ever become necessary or pertinent in determining the rights of the parties under the facts of the instant record.

This does not mean, however, that the case presents no question as to applicability of the general law regarding State immunity, nor does it mean that decisions of the United States Supreme Court applying or declining to apply the eleventh amendment may not be relevant and helpful as persuasive authority in determining the questions presented. The point is that the questions whether this case is in effect a suit against the State of Florida, and whether, if so, it is maintainable, do not, within themselves and without more, bring the case within any class of which this court has jurisdiction under the foregoing provision of the constitution of this

State. Compare Code, § 40-209. Since the adoption of the amendment containing that provision (Georgia Laws 1916, p. 19), this court has taken jurisdiction in cases involving similar questions, not because of the inherent character of the questions themselves, but because the cases were *otherwise* of such character that jurisdiction was fixed in this court. *Dennison Manufacturing Co.* v. *Wright,* 156 *Ga.* 789 (120 S. E. 120); *Cannon* v. *Montgomery,* 184 *Ga.* 588 (192 S. E. 206); *Aiken* v. *Armistead,* 186 *Ga.* 368, 386 (198 S. E. 237); *Barwick* v. *Roberts,* 188 Ga. 655 (4 S. E. 2d, 664).

2. Nor does the reference to the constitution of the State of Florida confer jurisdiction upon this court. The provision of the Georgia constitution (Code, § 2-3005) declaring the classes of cases of which this court shall have jurisdiction does not include cases involving either construction or application of the constitution of a different State. Compare *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699); *Jollie* v. *Hughes,* 184 *Ga.* 860 (193 S. E. 769).

3. If the case involves in any manner title to land, it does so not directly but incidentally only; and therefore it is not a case respecting title to land, within the clause of the constitution, Code, § 2-3005, relating to the jurisdiction of this court. *Colley* v. *Atlanta & West Point Railroad Co.,* 156 *Ga.* 43 (118 S. E. 712); *Radcliff* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679). In the brief of counsel for the plaintiffs in error, it is conceded that if jurisdiction is in this court, it is only because the plaintiffs in error "invoked the eleventh amendment to the Federal constitution." It is insisted that the case depends on how this provision is construed. For this reason, it is urged that jurisdiction should be retained regardless of whether the meaning of the amendment should be considered as free from doubt. From what has been said, we can not sustain this contention. The Court of Appeals, and not the Supreme Court, has jurisdiction. Code, § 2-3009.

*Transferred to the Court of Appeals. All the Justices concur.*