FRANK LOYD *et al.*, plaintiffs in error *vs.* THE STATE OF GEORGIA, defendant in error.

Where an indictment for burglary charged the parties with being accessories before the fact, and several witnesses were introduced who testified to the finding of the goods stolen in the possession of such parties, there being no evidence that they concealed the crime from the magistrate *and harbored*, etc., the principal; and the Judge charged the jury, "if they found from the testimony that the defendants procured a burglary to be done, and instigated the perpetration by reward or hope thereof, and afterward received the goods, knowing them to be stolen, it would authorize them in finding the defendants guilty as accessories after the fact," and in the same connection, "If they found from the evidence that the defendants concealed the crime or harbored the principal to prevent his arrest, then, in contemplation of law, they were accessories after the fact," and a motion was made in arrest of judgment and for a new trial which was overruled by the Court:

*Held*, The Court erred in its charge to the jury, and ought to have granted a new trial, under the facts in this case.

Criminal law. Accccessories. Arrest of judgment. Before Judge SCHLEY. Chatham Superior Court. January Term, 1870.

The indictment charged John Quarterman, Frank Loyd and James Ward, negroes, with burglary in the day time. It first charged Quarterman, in the usual form, as the actual perpetrator of the crime, and then charged "that the said Frank Loyd and James Ward, in the county aforesaid, on the day and year aforesaid, and before the committing of the felony, burglary and larceny aforesaid, in manner and form aforesaid, were accessories thereto before the fact, and did, then and there, unlawfully, burglariously and feloniously incite, move, conceal, help and procure, aid, abet and command the said John Quarterman to do and commit the felony, burglary and larceny in manner and form aforesaid. And the jurors aforesaid, upon their oaths aforesaid, do say that the said Frank Loyd and James Ward in the county aforesaid, afterward on the day and year aforesaid, well

knowing the said John Quarterman to have done and committed the felony, burglary and larceny aforesaid, in manner and form aforesaid, they the said Frank Loyd and James Ward, did then and there knowingly, feloniously, burglariously and unlawfully conceal, maintain and assist said John Quarterman in the aforesaid felony, burglary and larceny, contrary to the laws of said State," etc. It concluded with a count against the three for simple larceny of the goods.

Quarterman was tried and found guilty in 1868. In 1869 Loyd and Ward were tried. The evidence showed that Loyd told Quarterman where he could get the goods, furnished keys to unlock the doors, and stated what he would pay for their delivery at his; Loyd's, junkshop, that Quarterman and others did go and get the same and delivered them to Loyd, at said shop, who took steps to destroy the marks, etc.; the goods were searched for, Loyd lied about their being in his possession, but they were found there.

The burglary by Quarterman and others was shown and Quarterman's conviction was admitted. There was no other material evidence as to Loyd. There was none as to Ward except that he was present when the junkshop was searched. The bill of exceptions says the Court was requested to charge the jury: 1st. That under this indictment they could not convict defendants "as accessories after the fact." 2d. That the buying or receiving of stolen goods, even knowing the same to have been stolen, would not constitute the defendants accessories after the fact under this indictment. The Judge says he had no requests to charge, in writing, and did not remember refusing the second request, but that he charged: "As an isolated fact, the receiving of stolen goods, knowing them to be stolen would not constitute an accessory after the fact, under the indictment. But if defendants procured the burglary to be done, and, having instigated the perpetration by reward or the hope thereof, afterwards, received the goods, knowing them to be stolen, then it would authorize the jury to find defendants guilty as accessories after the fact. If de-

Loyd *et al. vs.* The State of Georgia.

fendants concealed the crime from the officers of the law, or harbored Quarterman to prevent his arrest, they were accessories after the fact." The jury found both defendants guilty "as accessories after the fact."

Their counsel moved for a new trial, upon the grounds that the Court erred in not charging as requested, and because the verdict was contrary to the law and evidence, and for arrest of judgment, because the verdict found defendants guilty of an offense not charged in the indictment. The Court overruled both motions, and that is assigned as error.

HARTRIDGE & CHISOLM, for plaintiffs in error.

ALFRED B. SMITH, Solicitor General, for the State.

LOCHRANE, C. J.

This was an indictment for burglary, tried in Chatham Superior Court, in which these two plaintiffs in error were found guilty as accessories after the fact; and the case presents two points for the adjudication of this Court. First, whether the indictment charges sufficiently in law the offense; and secondly, whether the evidence sustains it; and we may add, thirdly, whether the charge of the Judge was a proper statement of the law in this case.

The indictment charges Loyd and Ward with being accessories before the fact. Its language is: "And did then and there unlawfully, burglariously, and feloniously incite, move, conceal, help, and procure, aid, abet, and command the said John Quarterman to do and commit the felony," etc. Under this indictment, several witnesses were introduced who testified as to the burglarious taking of some cotton which was traced to the place of these parties and there found; but there was no evidence that they concealed the crime from the magistrate, and harbored, assisted and protected, etc., the person charged with the crime as principal. The Judge charged the jury: "As an isolated fact, the receiving of sto-

len goods, knowing the same to have been stolen, would not constitute an accessory after the fact under the indictment." In this proposition we concur with the Court, because that was, in itself, a separate and distinct offense, punishable by law; but the Court went farther and charged the jury: "If they found, from the testimony, that the defendants procured a burglary to be done, and, having instigated the perpetration by reward or the hope thereof, afterwards received the goods, knowing them to be stolen, then it would authorize them to find the defendants guilty as accessories after the fact." This was error; for, under the facts stated by the Court, they would be guilty as accessories before the fact.

Again, he charged the jury: "That if they found, from the evidence, that the defendants concealed the crime from the officers of the law, *or harbored* the defendant, Quarterman, to prevent his arrest, then, in contemplation of law, they were accessories after the fact." This was error. An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it from the magistrate *and* harbors, assists, or protects the person charged with or convicted of the crime. The language of the Court was "concealed the crime from the officers of the law *or* harbored." The language of the law is, "conceals it from the officers of the law *and* harbors," etc. In the second branch of the charge of the Judge below, he uses the words, "and afterwards received the goods, knowing them to be stolen, it would authorize them to convict, as accessories after the fact." In the opinion we entertain of the law, and as this case comes before us on a motion in arrest of judgment and for a new trial, no matter what may be our personal opinions of the criminality of the parties, inasmuch as it involves their liberty, we are constrained to give the parties the exact measure of their legal rights; and we hold that, in this classification of the offense, both at common law and under our statutes, the law contemplates some assistance or act done to the felon himself, and is distinct from the crime of receiving stolen

Loyd *et al. vs.* The State of Georgia.

goods from the felon, except such taking is for the purpose of facilitating his escape from justice, or attended with some benefit.   1st Hale, 618; 4 Blackstone, 37; 1st Chitty, 264, concur in the definition that an accessory after the fact is where a person, knowing a felony to have been committed, receives, relieves, comforts, or assists the felon.   As to what shall be esteemed within these general definitions depends upon the facts in the particular case; but to receive stolen goods, knowing them to be stolen, did not fall under any of the definitions of the common law, and did not constitute the receiver an accessory, but was, in itself, a distinct and separate offense: 1st Bishop, section 493.   The receiver of stolen goods, knowing them to be stolen, is not an accessory, according to our definition, because he renders no aid to the principal felon.   Nor, in speaking of the common law, do we overlook the statute, 3 and 4 W. & M., or of 1st and 5th Ann, but after a review of the whole subject, and in view of the provisions of our own Code, which makes this a distinct offense as accessory after the fact, we lay down the true test to be to consider whether what he did was done by way of personal help to his principal, with a view to enable the principal to elude punishment; and it is unimportant as to what assistance was rendered, provided it was done with a view to aid the principal to elude or escape punishment.   In the view, therefore, we take of the law of this case, we think the Court erred in overruling the motion for a new trial, on the grounds stated.

Judgment reversed.