## HEATH v. THE STATE,
## WASHINGTON v. THE STATE.

Where A, knowing that B is guilty of a murder, assists B in concealing the crime. and the body of the murdered person, A is not thereby guilty of "receiving, harboring, or concealing" the murderer, within the meaning of section. 326 of the Penal Code of 1910.

No. 4737. JULY 14, 1925.

Question certified by Court of Appeals .(Cases Nos. 16118, 16119).

*Willingham, Wright & Covington,* for plaintiffs in error.

*J. F. Kelly, solicitor-general,* and *E. S. Taylor,* contra.

GILBERT, J. The Court of Appeals certified the following question: "Where A, knowing that B is guilty of a murder, assists B in concealing the crime and the body of the murdered person, is A thereby guilty of 'receiving, harboring, or concealing' the murderer, within the meaning of section 326 of the Penal Code of 1910?"

From the earliest times in England it was a penal offense to conceal certain crimes. Such concealment was called "misprision." 2 Bouvier's Law Dic. 2225, where it is said: "Misprision of felony is the like concealment of felony, without giving any degree of maintenance to the felon; . . for if any aid be given him, the party becomes an accessory after the fact." And further: "It is the duty of every good citizen, knowing of a treason or felony having been committed, to inform a magistrate. Silently to observe the commission of a felony, without using any endeavors to apprehend the offender, is a misprision. . . In Coke's time the term had got an extended meaning; it was not merely a crime of omission, but a crime of commission (3 Inst. 139). In this latter sense it was a vague offence which covered many and various offences. . . At present it is the passive omission to do one's duty—to stand by and make no attempt to apprehend the offender or give information to the police. The least degree of assent makes the person a principal in treason, or in felonies a principal or accessory." Hale's Pleas of the Crown, 374; Hawkins' Pleas of the Crown, 73. Misprisions were of two kinds, negative, which "consists in the concealment of something which ought to be revealed," and positive, which "consists of the commission of something which ought not to be done." 2 Cooley's Blackstone,

1298. Under the English statutes, as we have shown above, it was a misprision of felony to conceal the crime, and it did not in terms require, in order to constitute misprision, that the person committing the crime should be harbored, assisted, or concealed. Our Penal Code, § 47, provides that one shall be an accessory after the fact "who, after full knowledge that a crime has been committed, conceals it from the magistrate, *and* harbors, assists, or protects the person charged with or convicted of the crime." Our Penal Code, § 326, very closely follows, but is not identical with, section 47. Section 326 provides: "If any person shall receive, harbor, or conceal any person guilty of a crime punishable by death, or imprisonment and labor in the penitentiary, knowing such person to be guilty, such person so receiving, harboring, or concealing shall be deemed an accessory after the fact," and punished. Section 326 does not in terms refer to the concealment of the crime, but does inhibit the receiving, harboring, and concealment of the person guilty of the crime. Section 47 includes within its terms the concealment of all crimes, while section 326 has reference only to felonies.

The essence of the question propounded by the Court of Appeals, therefore, is whether the concealment of the "crime and the body of the murdered person" is equivalent to "receiving, harboring, or concealing" the guilty person. Since penal laws are to be construed strictly, we hold that it does not. Both sections 47 and 326 appeared in Cobb's Digest (pp. 781, 808) as a part of what was therein designated as the "Penal Code of 1833." They have also appeared in all of the codes of the State of Georgia. Both sections in terms declare that the thing denounced and penalized is that of accessory after the fact. It can not, therefore, include within its provisions the mere passive omission to do one's duty to the public. Such negative "misprision" does not under our law make one an accessory. Our law (Penal Code, § 326) punishes the positive commission of something which should not be done, such as "to receive, harbor, or conceal" the guilty person, etc. We must assume that had the legislature desired to preserve the law of misprision as it existed under the English laws, the letter of the latter laws would have been followed rather

than to enact them in an altered language such as we find has existed throughout in the various codes.

*All the Justices concur.*