22735. JOHNSON *v.* WILSON *et al.*

622

DECIDED SEPTEMBER 28, 1933.

*J. B. & T. R. Burnside,* for plaintiff.

*Wilmer D. Lanier, Randall Evans Jr.,* for defendants.

MacIntyre, J. On August 18, 1931, W. H. Johnson brought an action against J. P. Wilson, and J. P. Wilson as administrator of the estate of E. J. Wilson, on five promissory notes, each dated December 24, 1919, each for the principal sum of $800, each bearing interest from date at the rate of eight per cent. per annum, each providing for the payment of attorney's fees, and maturing respectively on December 22 of the years 1920, 1921, 1922, 1923, and 1924. The petition alleges that the interest on said notes was paid up to December 26, 1924, and that certain small payments aggregating $186 were made after December 26, 1924. The petition further alleges (and the answer admits) that E. J. Wilson died after the execution of the notes described above, and that J. P. Wilson duly qualified as his administrator on April 7, 1930. The petition alleges also (and the answer admits) that the defendants had been duly served with the plaintiffs' written notice of the intention to claim attorney's fees.

In paragraph 2 of their answer the defendants admit the execution of the notes declared upon, but further plead in substance that said notes were given for the balance of the purchase-price of certain land upon which a $1000 cash payment had been made, and that "said debtors made Johnson the proposition that he retain the thousand dollars that had been paid on the purchase-price of the land and accept possession of the land from said debtors in full and complete satisfaction of the notes above specifically set out, provided the said debtors pay said Johnson all interest up to the 26th day of December, 1924;" and that said proposition was accepted by said Johnson, and executed by the parties thereto. The answer further denies that any payments were made on the notes declared upon, after December 26, 1924, and says that "debtors show that by oversight they failed to demand said satisfied notes aforesaid on the 26th day of December, 1924, but that about a year ago defendant J. P. Wilson demanded said notes aforesaid

from plaintiff, and plaintiff made no answer to said Wilson, but turned away from him and walked off," and that "since that date defendant had not . . been able to obtain said notes from plaintiff." The answer concluded with a prayer for judgment, and a prayer that "plaintiff be required . . to surrender said notes to defendants, said notes having been completely satisfied." By an amendment the following new paragraph was added to the plea and answer: "Defendant admits that plaintiff is the legal holder of the notes sued on and entitled to sue thereon, but denies that plaintiff is entitled to judgment on said suit."

While there is sharp conflict between the testimony adduced in behalf of the plaintiff and that adduced by the defendants, we are satisfied from a thorough examination of the brief of evidence that the jury were warranted in finding that the defendants had sustained their plea of accord and satisfaction. We hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

A careful examination of the pleadings in the case, and of other parts of the testimony of the defendant J. P. Wilson than that set out in special ground 1, leads this court to hold that the testimony of said Wilson in regard to other notes than those declared upon in the present case, which was admitted over the objection that it was irrelevant and misleading, comes within the following well-recognized rule: "In cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury." *Gilmer* v. *Atlanta,* 77 *Ga.* 688 (1-*a*). See also *Goodman* v. *State,* 122 *Ga.* 111, 118 (49 S. E. 922), and cit.; *McClelland* v. *State,* 27 *Ga. App.* 783 (3) (110 S. E. 245). We hold that special ground 1 discloses no valid reason for reversing the judgment.

It appears from special ground 2 that the court admitted in evidence the "tax-digests of McDuffie county for the years 1927, 1928, 1929, and 1930, showing $500 worth of city property in Boneville as returned in the name of W. H. Johnson, being the property which the defendant Wilson claimed that the plaintiff Johnson had taken back in 1924 in satisfaction of the notes sued on," over the objection that the tax-collector "had testified that the tax-digests are not made up entirely from the returns, but that there is what is called an "added list, which he explained means that the prop-

erty which is not returned by anybody was put on the added list," etc. The court stated that "before the tax-digest would be admissible, it would have to be shown that the one in whose name the property appeared on the digest authorized it to so appear;" and it appears from the ground that the plaintiff, claiming that the taxes were to be paid by the defendants, paid said taxes each year under protest to keep the property from being sold. We are inclined to think that the digests were properly admitted by the court; but, whether they were or not, we do not think that it appears that their admission was harmful to the movant. We therefore hold that the ground is not meritorious.

It is insisted in special ground 3 that in his charge to the jury the court "unduly stressed the contentions of the defendant to the disparagement of the contentions of the plaintiff." The action was on promissory notes, while the defense was quite long. It was natural that the court devoted more time to charging the contentions of the defendants than the contentions of the plaintiff, and we hold that the ground is not meritorious.

Special ground 4 is merely an amplification of the general grounds, and needs no separate consideration.

While special ground 5 is itself an amplification of the general grounds, we shall advert to it briefly. The gist of the ground is that the admission by the defendants that they executed the notes declared upon, and that the plaintiff "was the legal holder thereof and was entitled to sue thereon," precluded "the possibility of a verdict based upon a denial of the facts admitted." The admissions referred to in this ground are substantially those made by defendants in similar cases in order to obtain the opening and conclusion. *Walker* v. *Bryant,* 112 *Ga.* 412 (2), 414 (37 S. E. 749), and cit. We hold that the admissions made by the defendants in the case at bar did not preclude them from pleading and proving accord and satisfaction in defense to the suit on the promissory notes.

In special ground 6 it is urged that the court erred in charging the jury as follows: "He contends in that connection that he was the purchaser of other tracts of land besides the one represented by these notes sued on, and that under and by virtue of the agreement between him and Mr. Johnson that he was to continue the payment for the other two tracts of land," etc. The gist of

the assignment of error is that "the error . . consists in the reference to the purchase of two tracts of land in no way connected with the notes sued on, and for which the defendant was obligated to pay independently of any new agreement to do so." It appearing from the ground that the charge of the court put a burden upon the defendants which they should not have been called upon to carry, it would appear that the charge in question was harmful to the defendants rather than to the plaintiff, and we hold that this last ground discloses no reversible error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*