31994. MANRY *v.* THE STATE.

Decided May 6, 1948.

*Miller & Miller, Stone & Stone,* for plaintiff in error.

*Maston O'Neal, Solicitor-General, J. M. Cowart,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ On the same date the defendant was indicted for both accessory before the fact and accessory after the fact in separate indictments. She was first tried and acquitted of accessory before the fact, and then the case against her for accessory after the fact was sounded. Before pleading to the merits she filed a plea in abatement to the latter indictment, in which she alleged these facts and prayed that the indictment be quashed. On motion of the solicitor-general this plea was stricken. Exceptions pendente lite were duly preserved to this ruling, and the same is here assigned as error. This was the equivalent of a plea of former jeopardy, or autrefois acquit.

"An accessory before the fact is one who, though absent when the crime is committed, procures, counsels, or commands another to commit same." Code, § 26-602.

"An accessory after the fact is a person who, after full knowledge that a crime has been committed, conceals it, and harbors, assists, or protects the person charged with or convicted of the crime." Code, § 26-604.

"No person shall be put in jeopardy of life, or liberty, more than once *for the same offense,* save on his, or her own motion for a new trial after conviction, or in case of mistrial." (Italics

ours.)    Art. 1, sec. 1, par. VIII, Constitution of Georgia, Code, § 2-108.

The offense of accessory before the fact and the offense of accessory after the fact, constitute two separate and distinct offenses. This statement is supported by *Ivey* v. *State,* 186 *Ga.* 216 (197 S. E. 322), which, after defining the offense of accessory after the fact, continues as follows:    "This definition eliminates the idea of participation by a person guilty of such an offense in the perpetration of the major crime  .  . as an accessory before the fact."

If, by reason of the definition of the offense of accessory after the fact, a person guilty thereof cannot be guilty of the offense of accessory before the fact, it then necessarily follows that the two are separate and distinct offenses.

The Bill of Rights protects against being twice put in jeopardy for the *same offense.* Here the offenses were separate. The establishment of the defendant's innocence of the crime of accessory before the fact leaves open the question of her guilt or innocence of the crime of accessory after the fact.

In *Harris* v. *State,* 193 *Ga.* 109 (1) (17 S. E. 2d, 573, 147 A. L. R. 980), the following is held:    "In order to sustain a plea of former jeopardy, it is always incumbent upon the defendant to plead and prove that the transaction charged in the second indictment is the same as a matter of fact as that charged in the first indictment under which he was put in jeopardy.    In addition to pleading and proving that the transaction is the same as a matter of fact, it is also necessary to plead and prove: either (a) that the transaction charged in the second indictment is an offense which is identical in law with that charged in the first indictment, or else that under the actual terms of the first indictment proof of the second offense was made necessary as an essential ingredient of the offense as first charged; or (b) that the transaction charged in the second indictment is an offense which represents either a major or minor grade of the same offense of which the defendant might be convicted under an indictment for the major offense; or (c) where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within the scope of the preceding subsections (a) or (b), he may nevertheless, under

the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge."

The plea in the instant case does not meet the requirements of this rule. The offenses of accessory before and after the fact do not constitute the same transaction. Different facts must be alleged in respective indictments charging these offenses. Different evidence must be introduced in order to prove them.

An acquittal of the offense of accessory before the fact to a particular crime is not a bar to the conviction of the same person for the offense of accessory after the fact to the same crime. This assignment of error is without merit.

■ The defendant demurred generally to the indictment on three grounds, to wit, (1) that it fails to set out any offense; (2) that it fails to sufficiently allege the guilt of the principal, and (3) that it fails to allege that at the time the defendant harbored, assisted and protected the principal, that he was charged with the principal crime or had been convicted thereof.

The indictment here charges that the defendant "did then and there after full knowledge that Charlie Turner had killed and murdered one Talmadge Manry, did conceal the crime and did harbor and assist and protect the said Charlie Turner, the said Charlie Turner has been convicted," etc.

Reference to Code § 26-604, which defines the offense of accessory after the fact, reveals that the indictment states the offense in substantially the language of the Code. Section 27-701 of the Code provides in part as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury."

Counsel for the defendant rely upon *Cantrell* v. *State*, 141 *Ga.* 98 (80 S. E. 649); *Ford* v. *State*, 162 *Ga.* 422 (134 S. E. 95), and *Harris* v. *State*, 191 *Ga.* 243 (12 S. E. 2d, 64), for their position that the guilt of the principal offender is not sufficiently alleged in the indictment.

Since the indictment states the offense substantially in the

terms and language of the Code, and so plainly that the nature of the offense charged may easily be understood by the jury, it is deemed sufficiently technical and correct (see Code, Ann., § 27-701, and many cases annotated under catchwords "Test of sufficiency"), and nothing contained in the Supreme Court decisions relied upon by counsel for the defendant can be construed to hold to the contrary.

The trial court properly overruled the demurrer on each and every ground.

■ Special ground 4 of the amended motion for a new trial complains of the introduction of the bill of indictment against the principal offender showing that it was returned on December 3, 1947, and showing that he was convicted of the murder on December 8, 1947. At the same time the bill of indictment charging this defendant with the offense of accessory after the fact to the same murder was returned on the same day, December 3, 1947. Thus on the date the defendant in the instant case was indicted, the principal offender was not convicted, the evidence objected to conclusively showing him to have been convicted five days later, or on December 8, 1947. Notwithstanding these facts the indictment in the instant case charged on the date of its return (December 3), that the principal offender had already been convicted.

Since the evidence conclusively shows that when the indictment in the instant case was returned, the principal offender had not been convicted as alleged, it becomes incumbent upon us to determine whether the allegation and proof to support it are essential to a conviction in a case such as this, or whether such allegation is mere surplusage, and proof in support thereof unnecessary.

. Although *Roberts v. State*, 18 *Ga. App.* 529 (89 S. E. 1055), deals with a demurrer to an indictment, and not with a question of the admissibility of evidence, as here, it was held there that the indictment charging the offense of receiving, harboring, and concealing a person guilty of a felony, knowing him to be guilty, must allege the conviction of the principal offender. Yet in *Harris v. State*, 191 *Ga.* 251 (12 S. E. 2d, 71), in his discussion of ground (c) of the demurrer to the indictment in that case, Mr. Justice Duckworth, speaking for the court, disapproved of the

*Roberts* case. In a very comprehensive treatment of this question in which all the cases of our appellate courts on this subject are reviewed, it is held that while the *guilt* of the principal offender must be alleged and proved, this requirement does not apply as to his conviction. The distinction there drawn between cases of accessory after the fact to crimes generally, and receiving and concealing stolen property, is recognized here. We are indebted to counsel for defendant for frankly citing this case in their brief and specifically calling it to the attention of this court, although it holds contrary to their contentions.

The verdict of guilty on the bill of indictment against the principal offender, was admissible as evidence of his guilt.

This assignment of error is without merit.

■ Special ground 5 of the amended motion for a new trial complains because a witness for the State was permitted to testify over timely objection that the defendant stated to him that she had seen her husband have sexual intercourse with another woman about two weeks before he was killed.

The evidence was material and admissible to throw light on the state of her feelings toward her husband and a likely motive to protect his murderer.

■ Special grounds 6, 7, 8, and 9 of the amended motion for a new trial complain of the court's failure to give in charge certain timely written requests to charge which contained principles of law applicable to the case. We have examined all of these requests and compared them with the full charge as shown by the record. It was not error, however, to refuse the same, because the trial judge fairly and amply covered them in the general charge. See *Loeb* v. *State*, 6 *Ga. App.* 23 (3) (supra).

■ The record in this case reflects dark suspicions against the defendant. For her, knowing all the while who killed her husband, to have concealed this fact, and on many occasions lied about it, for a period of 11 days, can only enure to her discredit. The suspicion is strong that she and Charlie Turner entered into a previous conspiracy to murder her husband. However, this the State was unable to prove, as her acquittal for the offense of accessory before the fact indicates, and as pointed out in the brief of counsel for the defendant, it is not our proper function

to regulate the morals of the parties whose cases are brought here for review, but rather to serve as a court for the correction of errors of law. As was so well said by Mr. Chief Justice Lochrane in *Loyd* v. *State*, 42 *Ga.* 224, "No matter what may be our personal opinions of the criminality of the parties, inasmuch as it involves their liberty, we are constrained to give the parties the exact measure of their legal rights."

Therefore, our duty here is to determine if the evidence supports the verdict.

For the purpose of this decision let us concede but not decide that the conduct of the defendant amounted to the concealment of the crime of the murder of her husband with full knowledge of its commission. This would constitute the first section of the crime—the first half of it so to speak. In order to make the crime complete, the second section, or other half must be established. It must appear that she harbored the principal offender, or that she assisted him, or that she protected him.

Counsel for the defendant rely upon *Heath* v. *State*, and *Washington* v. *State*, 160 *Ga.* 678 (128 S. E. 913). These cases had been certified to the Supreme Court and this court later followed the answer of the Supreme Court to the certified question. See *Heath* v. *State* and *Washington* v. *State*, 34 *Ga. App.* 218 (128 S. E. 914). In the *Heath* and *Washington* cases, supra, the Supreme Court had under consideration an indictment charging the offense of receiving, harboring, or concealing any person guilty of a felony, etc., as defined by Code, § 26-4601. However, the similarity of the offense there defined, and the second section or half of the offense we have under consideration here is striking.

In the *Heath* case the Supreme Court held as follows: "Where A, knowing that B is guilty of a murder, assists B in concealing the crime and the body of a murdered person, A is not thereby guilty of receiving, harboring, or concealing the murderer, within the meaning of Section 326 of the Code of 1910 [§ 26-4601]."

As pointed out in the *Heath* case, concealment of the crime alone constituted the common-law offense of misprision of felony. There the Supreme Court assumes that had the legislature wanted to preserve the law of misprision as it existed under the English laws, the letter thereof would have been followed rather than to enact them in an altered language as they exist throughout our

various Codes. Also as pointed out in the *Heath* case, supra, the laws are penal and must be construed strictly.

It is observed that at the time the defendant in the instant case made her first false statements the principal offender was not charged with or convicted of the murder. Her later false statements were made while the principal offender was in jail. None of her false statements could amount in law to any overt act of harboring him, or assisting him, or protecting him.

In *Loyd* v. *State,* supra, the Supreme Court said: "After a review of the whole subject, and in view of the provisions of our own Code, which makes this a distinct offense as accessory after the fact, we lay down the true test to be to consider whether what he did was done by way of personal help to his principal, with the view to enable the principal to elude punishment."

2 Chitty's Blackstone, Book 4, p. 26, gives examples of overt acts sufficient to constitute the second division or part of the offense of accessory after the fact, as follows: "As furnishing him with a horse to escape his pursuers, money or victuals to support him, a house or other shelter to conceal him, or open force and violence to rescue or protect him. So likewise to convey instruments to a felon to enable him to break gaol, or to bribe the gaoler to let him escape, makes a man an accessory to the felony."

Her conduct did amount to passive omission to do one's duty to the public. This does not amount to a crime. See *Heath* v. *State,* supra.

The verdict is without evidence to support it, and the trial court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*