### 32561.   HEARD *v.* THE STATE.

DECIDED JULY 11, 1949.

602

*Custer & Kirbo, Tom Clark,* for plaintiff in error.

*M. E. O'Neal, Solicitor, Conger & Conger,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ There is no merit in the motion to quash the accusation on the ground that it was defective in not alleging the abandonment of a "minor" child. The accusation was drawn in the words of Code § 74-9902, which states, "If any father shall wilfully and voluntarily abandon his child, leaving it in a dependent condition, he shall be guilty of a misdemeanor."

Every indictment or accusation which states the offense in the language of the Code, or plainly enough that the offense may be easily understood by the jury, is sufficient. See Code, § 27-701; *Ramer* v. *State,* 76 *Ga. App.* 678 (47 S. E. 2d, 174); *Manry* v. *State,* 77 *Ga. App.* 43 (47 S. E. 2d, 817). The Code does not use the word "minor." Further, in law the word "child" when used in laws having for their purpose the protection of children

carries the well-defined meaning of the young of the species, or those not having yet reached majority. See Black's Law Dictionary, definition of "child." The accusation was therefore sufficient.

Special ground 1 of the amended motion for a new trial contends that the trial court erred in admitting over timely objection the testimony of the defendant's wife to the effect that she had in the home an afflicted and dependent son 24 years of age, whom the defendant had also abandoned.

Special ground 3 contends that the trial court erred in overruling the motion of counsel for the defendant for a mistrial for alleged improper argument of counsel for the State in connection with his argument on the evidence complained of in special ground 1.

In admitting the evidence objected to, the trial judge stated that he was admitting the testimony in order that the jury might have a more complete picture of the circumstances as they existed in the home. The gist of an action such as this includes both an abandonment by the father and a condition of dependency as to the child. See *Daniels* v. *State,* 8 *Ga. App.* 469 (69 S. E. 588). Although the mental and physical condition of the older son as such are not involved in the offense, we are nevertheless inclined to believe that the jury had a right to hear facts which might shed light upon the fact of dependency, such as that the younger son was also in ill health, that the mother's only income came from plowing in the field, and that she had additional responsibilities in furnishing the sole care of another afflicted son. The jury might then give whatever weight it saw fit to the evidence presented to it as to the dependent condition of the child. It has long been the policy of our courts to resolve the doubt as to the admissibility of evidence in such cases by allowing the jury to determine its weight and effect in the belief that, where there is an honest and valid reason for admitting it, the jury should not, for mere technical niceties, be denied an opportunity to review the facts and surrounding circumstances of the case. See *Johnson* v. *Wilson,* 47 *Ga. App.* 621 (171 S. E. 235); *United Motor Freight Terminals* v. *Driver,* 75 *Ga. App.* 571 (44 S. E. 2d, 156), and citations.

Therefore, since the evidence was admissible and a part of the

record of this case, it was not improper for counsel for the State to discuss the same in his argument to the jury.

■ Special ground 2 of the amended motion for a new trial contends that the trial court erred in overruling the motion of counsel for the defendant for a mistrial based on improper argument of counsel in stating, "I imagine he was basking in the big breast of some hot floozie in Miami." There was no evidence to support this argument. It was outside the record. It was probably prejudicial.

Reference to the statement of facts, however, discloses that the testimony of the State's witnesses amply made out a case against the defendant. The record contains no evidence refuting any of the essential elements of the crime of abandonment. The defendant's statement neither amounts to a denial of the charge nor an assertion of innocence. The verdict therefore was demanded by the evidence. The father neither denied the separation nor offered any evidence whatever to show that he had made any contribution to the child's support for three years, other than small gifts totaling less than $20.

"The only legal defense is to prove that such separation never occurred, or that the father did not fail in supplying the child with the necessities of life, such as food, shelter, clothing, etc." *Smith* v. *State*, 42 *Ga. App.* 419 (2) (156 S. E. 308). There is no testimony and nothing in the defendant's statement tending to overcome the testimony for the State that the father did in fact fail to supply the child with such necessities.

Although the alleged improper argument of counsel complained of in this ground of the amended motion for a new trial would probably have amounted to reversible error, had the verdict rendered by the jury not been demanded, yet since it was so demanded, the error was not harmful to the defendant and a new trial will not be granted on this ground.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*