## 36251. MOORE *v.* THE STATE.

Decided July 16, 1956.

*Jack W. Ballenger, M. C. Grainger,* for plaintiff in error.
*W. Glenn Thomas, Solicitor-General,* contra.

Carlisle, J. Under an indictment charging him with the offense of "accessory after the fact of murder" in that he "unlawfully . . . after full knowledge that Nathan Grissette had killed and murdered . . . Frank Martin, Jr., did conceal the crime and did harbor and assist and protect the said Nathan Grissette, contrary to the law of . . . [the] State," to which no demurrers were filed, the defendant, Oscar Moore, was tried, convicted, and sentenced to serve a minimum and maximum sentence of one year in the penitentiary. His motion for new trial, based on the usual general grounds and one special ground, was denied and he assigns error here on that judgment.

■ In determining the validity of the general grounds of the motion for a new trial, it becomes necessary to ascertain the nature of the crime with which the defendant is charged in the indictment.

The nature of the crime in an indictment or accusation is to be determined from the description of the crime contained in the indictment or accusation; that is, from the acts alleged to have been committed which are contrary to the laws of the State. *Brusnighan* v. *State,* 86 *Ga. App.* 340 (71 S. E. 2d 698), and the numerous cases there cited.

Our law recognizes no crimes save such as consist of the violation of a public law, and there are in this State no common-law offenses save such as have been especially recognized by a statutory enactment. *Jenkins* v. *State,* 14 *Ga. App.* 276, 279 (80 S. E. 688); *Chambers* v. *State,* 194 *Ga.* 773 (22 S. E. 2d 487); *Head* v. *State,* 68 *Ga. App.* 759 (24 S. E. 2d 145); *Kilpatrick* v. *State,* 72 *Ga. App.* 669 (34 S. E. 2d 719).

While at common law the concealment either actively or passively of certain crimes constituted the penal offense of misprision, mere concealment alone of crime, with the exception of the offense of concealment of treason (Code § 26-804), constitutes no offense in this State. *Heath* v. *State,* 160 *Ga.* 678 (128 S. E. 913).

Our law has dealt with the concealment of crime only insofar as it may constitute an element in the statutory definition of accessories after the fact of crime. The only statutes, with the exception of the concealment-of-treason statute indicated above, in the law of this State which in any way can be said to bear upon the question of concealment of crime are to be found in Code §§ 26-604, 26-4601, and 26-2620.

While Code § 26-2620 dealing with the offense of receiving stolen goods denominates one guilty of that offense an accessory after the fact, that section of the Code may be excluded at once from this discussion, as the concealment of theft is only inferentially involved there. The offense contained in that section is the purchase or receipt of goods with the knowledge that they have been stolen and not the concealment of the theft or thief.

By the terms of Code § 26-604: "An accessory after the fact is a person who, after full knowledge that a crime has been committed conceals *it,* and harbors, assists, or protects the person charged with or convicted of the crime" (italics ours), and is punishable as for a misdemeanor by the terms of Code § 26-605.

By the terms of Code § 26-4601: "Any person who shall receive, harbor, or conceal any *person* guilty of a crime punishable

by death or imprisonment and labor in the penitentiary, knowing such person to be guilty, shall be deemed an accessory ·after the fact and shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than three years." (Italics ours.)

While the offenses defined by Code §§ 26-604 and 26-4601 are closely related, the conduct made penal by the one is entirely different from that made penal by the other. *Heath* v. *State,* supra. Broadly speaking, Code § 26-604 prohibits the concealment of *all* crimes, while Code § 26-4601 prohibits the concealment of *a person* known to be guilty of a felony.

Strictly construed, as penal statutes must be, the essential elements of the crime prohibited by Code § 26-604 are (1) concealment of *a crime* after full knowledge of its commission, (2) harboring, assisting, or protecting the perpetrator of the crime, and (3) the perpetrator of the crime must have been charged with or convicted of the crime. *Manry* v. *State,* 77 *Ga. App.* 43, 44 (47 S. E. 2d 817).

The essential elements of the crime prohibited by Code § 26-4601 are (1) receiving, harboring, or concealing *any person* guilty of a felony, and (2) knowledge of such person's guilt.

To receive, harbor, conceal, assist or protect one guilty of a crime at common law carried with such acts the connotation of giving aid or assistance to the criminal in order to enable him to escape the consequences of his crime such as enabling him to avoid arrest, prosecution, or punishment. The use of those words in our statutes dealing with accessories after the fact still carries the same connotation. *Loyd* v. *State,* 42 *Ga.* 221, 224.

Under the indictment in the present case, the defendant is charged with being an "accessory after the fact of murder." The description of the crime is that he, "after full knowledge that Nathan Grissette had killed and murdered . . . Frank Martin, Jr., did conceal the crime and did harbor and assist and protect the said Nathan Grissette, contrary to the law of . . . [the] State." Concealment alone of crime is not, as we have said, an offense in this State, nor is it an element of the offense contained in Code § 26-4601. Concealment of crime is one of the elements of the offense contained in Code § 26-604. The indictment is consequently ambiguous and may have been subject to special

demurrer for ambiguity or duplicity, as every defendant in a criminal case has a right to be tried on an indictment or accusation perfect in form and substance. However, unless the defects appearing in the indictment or accusation are so great that the indictment or accusation is absolutely void, this right to a perfect indictment or accusation may be waived, and is waived by going to trial under a defective indictment or accusation without complaint. *Youmans* v. *State,* 51 *Ga. App.* 373 (180 S. E. 495); *Driver* v. *State,* 60 *Ga. App.* 719 (4 S. E. 2d 922).

While the indictment may be defective as we have suggested, it is not absolutely void. Every indictment of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. Code § 27-701. The indictment charges that the defendant is guilty of being an accessory after the fact of murder. Murder is a felony and Code § 26-4601 forbids anyone to receive, harbor, or conceal another knowing him to be guilty of a felony. Therefore, the indictment sufficiently described the crime with which the accused was charged, and after verdict, the allegation that the accused concealed the crime is to be treated as surplusage, and need not be proved. *Henley* v. *State,* 59 *Ga. App.* 595 (2 S. E. 2d 139); *Rawls* v. *State,* 72 *Ga. App.* 400 (33 S. E. 2d 884). Proof of the essential elements of the offense contained in Code § 26-4601 would authorize a verdict of the accused's guilt.

"The conviction of the principal as distinguished from his guilt is not an element of the crime of an accessory." *Harris* v. *State,* 191 *Ga.* 243, 251 (12 S. E. 2d 64); *Ford* v. *State,* 162 *Ga.* 422, 426 (134 S. E. 95). "Upon the trial of a defendant charged with the offense of concealing a crime and harboring, assisting or protecting the person charged with or convicted of the crime, it is not essential to prove that the principal offender has been convicted of the main crime, but it is sufficient to prove his guilt." *Manry* v. *State,* supra, headnote 3. There may be accessories after the fact to manslaughter, as well as murder. State *v.* Tapp, 105 S. C. 55, 89 S. E. 394; 40 C. J. S. 851, § 10. The above cited authorities are also in agreement that it is not necessary to allege (except in cases where the defendant is charged as an accessory after the fact in receiving stolen goods, and then only

because of the wording of Code §§ 26-2620, 26-2621) that the principal has been convicted, if his guilt is alleged with particularity.

It was held in *Jordan* v. *State*, 56 *Ga.* 92, that one indicted for receiving stolen goods could not be convicted and punished as for larceny from the house where the proof showed that the principal had been guilty of burglary, but the reason for this rule lies in the fact that the punishment, under Code § 26-2620 is the same "as would have been inflicted on the person convicted of having stolen or feloniously taken the property." In such case, the degree of crime on the part of the principal affects the punishment of the accessory. On the other hand, the punishment for committing the offense of receiving, harboring or concealing any person guilty of felony is set by Code § 26-4601 and is from one to three years in the penitentiary. The punishment for the defendant is the same whether the principal is guilty of murder or manslaughter. The proof is also the same, since it is the same transaction and the same homicide, and the lesser offense of manslaughter is included in the greater one of murder. *Trowbridge* v. *State*, 74 *Ga.* 431. The State need not wait to indict or try the accessory until after the conviction of the principal, and proof that, pending the trial of the accessory the principal was convicted of a lesser degree of homicide than that charged against him in the indictment is still prima facie proof that the principal is guilty of the homicide. *Anderson* v. *State*, 63 *Ga.* 675 (3). Since a description of a crime as murder will support conviction of manslaughter, as to which there is no question, against the principal, it should do so equally against the accessory. In *Groves* v. *State*, 76 *Ga.* 808, it was held not error to introduce on the trial of the accessory the indictment of the principal with his plea of guilty thereon, although the principal had withdrawn the plea before going to trial, the jury being instructed that they might consider it along with other evidence in the case.

Code § 26-1001 provides as follows: "Homicide is the killing of a human being, and is of three kinds—murder, manslaughter, and justifiable homicide." Proof that the principal, indicted for murder, was convicted of manslaughter, is still proof (prima facie) that the principal was guilty of a culpable homicide concerning the same transaction for which the defendant is on trial. It matters not to the defendant that the jury trying the principal

found the killing to be without malice. His own crime is the same, whether malice existed or not. His defense is the same. We are accordingly of the opinion that evidence that the principal was convicted of a lesser degree of the crime charged is admissible against the defendant on trial as an accessory after the fact for the same purpose and to the same extent as though the conviction had been for murder. In fact, it may frequently work to the advantage of defendants, for the reason that, under Code § 26-606, an accessory after the fact, except where the Code otherwise specifically provides, is guilty only as a misdemeanant. The principal could well be charged with the crime of murder and convicted of involuntary manslaughter in the commission of a lawful act without due caution and circumspection, and proof of the principal's conviction as for a misdemeanor would be to the substantial advantage of the accessory.

From all we have said above and a consideration of the evidence, we conclude that the jury was authorized to find that the defendant knew that Grissette had killed Martin without justification and that by allowing him to ride in his automobile away from the scene of the crime—albeit for only a short distance— he aided Grissette in escaping arrest and that he was, therefore, guilty as an accessory after the fact.

■ In view of what has been said in division 1 of this opinion, we also conclude that the trial court did not err in admitting in evidence the record of Grissette's conviction for voluntary manslaughter.

The trial court did not err in denying the motion for new trial for any reason assigned, and the judgment must be

*Affirmed. Gardner, P. J., and Townsend, J., concur.*