25542. STYNCHCOMBE, Sheriff v. WALDEN.

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970—
REHEARING DENIED JANUARY 26, 1970.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Roger Thompson,* for appellant.

*Stanley Nylen,* for appellee.

FELTON, Justice. "The essential elements of the crime prohibited by *Code* § 26-4601 are (1) receiving, harboring, or concealing *any person* guilty of a felony, and (2) knowledge of such person's guilt.

"To receive, harbor, conceal, assist or protect one guilty of a crime at common law carried with such acts the connotation of giving aid or assistance to the criminal in order to enable him to escape the consequences of his crime such as enabling him to avoid arrest, prosecution, or punishment. The use of those words in our statutes dealing with accessories after the fact still carries the same connotation. *Loyd v. State,* 42 Ga. 221, 224. . .

" 'The conviction of the principal as distinguished from his guilt is not an element of the crime of an accessory.' *Harris v. State,* 191 Ga. 243, 251 (12 SE2d 64); *Ford v. State,* 162 Ga. 422, 426 (134 SE 95)." *Moore v. State,* 94 Ga. App. 210, 212 (94 SE2d 80).

If there is any ambiguity in the statute under which the appellee was convicted, the meaning and purpose of the statute have been adequately explained in its construction by our State's appellate courts, as set forth hereinabove. To hold the statute unconstitutional because the principal need not have been convicted, would defeat the obvious purpose of the statute, as construed by our courts, i. e., to prevent the criminal from escaping the consequences of his crime by avoiding *arrest, prosecution,* or punishment. This authoritative interpretation of our statute by our State's highest appellate courts "puts these words in the statute as definitely as if it had been so amended by the legislature." Cramp v. Board of Public Instruction of Orange County, 368 U. S. 278 (82 SC 275, 7 LE2d 285), quoting from Winters v. New York, 333 U. S. 507, 514 (68 SC 665, 92 LE 840). Furthermore, "[t]he rule is too well settled to permit of question that this [U. S. Supreme] Court not only accepts but is *bound* by the construction given to State statutes by the State courts." (Em-

phasis supplied.)  Aero Mayflower Transit Co. v. Commissioners, 332 U. S. 495, 499 (68 SC 167, 92 LE 99).  See also U. S. v. Burnison, 339 U. S. 87, 89 (70 SC 503, 94 LE 675) ; Albertson v. Millard, 345 U. S. 242, 245 (73 SC 600, 97 LE 983).

Although the basis of the trial court's judgment holding the statute to be unconstitutional does not appear in the record, as required by Ga. L. 1967, pp. 835, 836 (*Code Ann.* § 50-127 (9)), the statute is not subject to any of the specific constitutional attacks made thereon.  If the indictment was defective for any other reasons, the appellee waived such defects by going to trial thereunder without complaint.  *Moore v. State,* 94 Ga. App. 210, supra, p. 213 and cit.

The trial court erred in its judgment holding the statute unconstitutional and releasing the prisoner.

*Judgment reversed.  All the Justices concur.*